John PERROTE, Individually and on behalf of all others similarly situated, Plaintiff,

v.

Donald E. PERCY, Secretary, Department of Health and Social Services, et al., Defendants.

No. 78-C-27.

United States District Court, E. D. Wisconsin.

Feb. 8, 1978.

Corrections Legal Services by Carol W. Medaris, Madison, Wis., for plaintiff.

Bronson C. LaFollette, Wis. Atty. Gen. by Nadim Sahar, Asst. Atty. Gen., Madison, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, a prisoner presently incarcerated at the state prison, Waupun, Wisconsin, has moved for a preliminary injunction requiring the defendants to return him to his former place of incarceration, the Oakhill Correctional Institution, Oregon, Wisconsin, until such time as he is afforded a hearing concerning the propriety of his transfer under the pertinent institutional regulations.

The plaintiff, John Perrote, commenced this action on January 13, 1978, against the secretary of the Wisconsin Department of Health and Social Services, the administrator of the department's Division of Corrections, and various subordinate officers and employees. Alleging jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, the plaintiff seeks damages and also injunctive and declaratory relief.

The following facts are averred in the plaintiff's affidavits: In May, 1977, Mr. Perrote was transferred from Kettle Moraine Correctional Institution to Oakhill Correctional Institution, which is located near Madison, Wisconsin, in order to seek approval from Oakhill's program review committee for participation in the work/study release program at the Madison

campus of the University of Wisconsin. In June, 1977, Mr. Perrote obtained such approval and attended classes at the university during the summer semester. Mr. Perrote continued taking classes in the fall semester until September 20, 1977, when he was transferred from Oakhill to the state prison, at Waupun, apparently because of his participation in a hunger strike.

On September 21, 1977, according to the plaintiff, he was called before the Oakhill program review committee, sitting at Waupun, and was asked "whether he had anything to say for himself," to which he responded "no." One of the defendant committee members informed Mr. Perrote that his transfer was based on an "incident report." Mr. Perrote requested a copy of the report but was refused and again was asked whether he wished to say anything for himself. Mr. Perrote again replied "no" and was asked to leave the room. He was later called back into the room and was told that a decision had been made to retain him in maximum security at the state prison.

The committee's report states that the plaintiff was being returned to the state prison because of his "inability to follow institution policy procedures" concerning grievances and due to his "inciting a rebellion against institution authority."

On October 20, 1977, Mr. Perrote was brought before a meeting of the state prison program review committee, and the incident report was read to him. Mr. Perrote indicated that the report was untrue, that he hadn't violated any rules and explained his situation at Oakhill. Mr. Perrote was then told that a decision to return him to Oakhill could only be made by the Oakhill committee. To date, the plaintiff has been retained in maximum security at the state prison at Waupun.

■ In support of the present motion, Mr. Perrote claims that under the circumstances of this case he was entitled to a hearing in conformity with Fourteenth Amendment due process prior to his transfer to the state prison and that he was denied that right by the defendants. I believe that Mr. Perrote will probably succeed in establishing on the merits that he was entitled to a hearing, and therefore the motion will be granted.

■ In *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), the Supreme Court held that the due process clause does not require a hearing before a state prisoner is transferred to a less agreeable institution provided that the law of the state involved does not condition the authority to transfer on the occurrence of specific acts of misconduct or other events. The court distinguished *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), on the basis that the liberty interest infringed there—a state prisoner's good-time credit—was protected by state law which specified that good-time credit could only be forfeited for serious misbehavior.

The *Meachum* court reasoned that a state prisoner's *constitutional* liberty interest has been extinguished to the extent that the state may confine him in any of its prisons, and that in the absence of a violation of state law limiting a prisoner's transfer to instances of misbehavior, "prison officials have discretion to transfer him for whatever reason or for no reason at all." 427 U.S. at 228, 96 S.Ct. at 2540.

To avoid the impact of *Meachum*, the plaintiff argues that Wis.Stat. § 56.065(2) limits the discretion of prison officials to terminate a prisoner's participation in the work/study release program. The statute provides, in part:

"The department shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the plan. *If any inmate violates the conditions prescribed by the institution, his work release privileges may be withdrawn.*" (emphasis added)

At oral argument, the defendants contended that the statute does not control because Mr. Perrote's transfer was for a reason unrelated to the work/study release program, and the decision to transfer was not because of an infraction of a condition of the educational program.

It is clear from the affidavit filed on behalf of the defendants that eligibility for the program depends upon the prisoner's having a minimum security classification. Thus, the decision to transfer Mr. Perrote to a maximum security institution was effectively a decision to terminate his participation in the program.

The defendants rely on *Solomon v. Benson*, 563 F.2d 339 (7th Cir. 1977), where it was held that a prisoner is not entitled to a due process hearing prior to being labelled a special offender where the effect of such classification is to foreclose the prisoner's eligibility for rehabilitation programs. In my opinion, *Solomon* is distinguishable since no statutory protection similar to Wis.Stat. § 56.065(2) was provided by the state. I think it is arguable that the Wisconsin Department of Corrections has not merely extended certain programs to prisoners, but has conditioned the termination of participation in such programs on violations of conditions prescribed by the institution. Under such circumstances *Wolff v. McDonnell* requires that due process be afforded.

The parties have stipulated that if the plaintiff succeeds in obtaining a preliminary injunction, he shall be transferred to Oregon State Farm, Oregon, Wisconsin, rather than to Oakhill Correctional Institution, as originally requested in the motion. In accordance with such stipulation, the plaintiff will be ordered returned to Oregon State Farm.

Therefore, IT IS ORDERED that the plaintiff's motion for a preliminary injunction be and hereby is granted. The defendants are affirmatively enjoined to transfer the plaintiff to Oregon State Farm, Oregon, Wisconsin, and to permit the plaintiff to continue in the work/study release program until such time as a due process hearing is afforded to him and until he thereafter shall have been found to have violated the conditions prescribed by the institution.