John PERROTE

v.

Donald E. PERCY et al.

No. 78–C–27.

United States District Court,
W. D. Wisconsin.

Feb. 5, 1979.

against the secretary of the Wisconsin Department of Health and Social Services, the administrator of the department's division of corrections and certain subordinate officers and employees, The plaintiff seeks damages, injunctive relief and declaratory relief because of the allegedly improper manner in which the defendants transferred the plaintiff from the Oakhill Correctional Institution in Oregon, Wisconsin, to the Wisconsin state prison at Waupun, thereby terminating the plaintiff's participation in the work/study release program at Oakhill. The plaintiff complains that this transfer was accomplished without due process in violation of the Fourteenth Amendment. He claims that due process is required pursuant to *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), because his interest in continuing to participate in the work/study release program is protected by Wis.Stat. § 56.065(2). The latter statute provides that a prisoner's work release privileges may be withdrawn if he "violates the conditions prescribed by the institution."

The plaintiff moved for a preliminary injunction, and the motion was granted on February 8, 1978, 444 F.Supp. 1288. The defendants were affirmatively enjoined to return the plaintiff to Oregon, Wisconsin, and to permit him to continue in the work/study release program.

Howard B. Eisenberg, State Public Defender by Elizabeth Alexander, Asst. State Public Defender, Madison, Wis., for plaintiff.

Bronson C. La Follette, Wis. Atty. Gen. by Nadim Sahar, Asst. Atty. Gen., Madison, Wis., for defendants.

On September 5, 1978, the action was certified as a class action pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, in accordance with a stipulation of the parties. The class was defined as consisting of all inmates of the Wisconsin correctional system whose work/study release privileges were terminated on or after September 20, 1977, or who face termination from the work/study release program during the course of this litigation. Class certification was limited to the claims for injunctive and declaratory relief.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the plaintiff's motion for partial summary judgment or a preliminary injunction. I find that partial summary judgment should be granted and also that injunctive relief should be ordered.

This action was commenced on January 13, 1978, by John Perrote, a state prisoner,

The instant motion was filed on November 9, 1978. Before the briefing of the motion was completed, the defendants' counsel informed the court that a settlement had been reached which contemplated

that the defendants would institute a hearing procedure consistent with the plaintiff's demands. Thereafter, counsel informed the court that settlement negotiations had broken down because the plaintiff desired that the hearing procedures be implemented more promptly than proposed by the defendants. Thereafter, the defendants responded to the plaintiff's motion for a partial summary judgment or a preliminary injunction.

The defendants' response does not dispute the plaintiff's proposed findings of fact and conclusions of law. I find that there is no issue of material fact and that the plaintiff and his class are entitled to partial summary judgment as a matter of law. The following findings of fact and conclusions of law proposed by the plaintiff will be adopted by this court:

## FINDINGS OF FACT

1. Inmates of the Wisconsin correctional system are eligible for work and study release pursuant to the provisions of § 56.-065(2), Wis.Stats.

2. Section 56.065(2), Wis.Stats., provides in pertinent part:

"The department shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the plan. If any inmate violates the conditions prescribed by the institution, his work release privilege may be withdrawn."

3. For the purposes of injunctive and declaratory relief, the plaintiff John Perrote represents a class consisting of all inmates of the Wisconsin correctional system whose work/study release privileges were terminated on or after September 20, 1977, or who face termination from the work/study release program during the course of this litigation.

4. Under current practices and procedures of the Wisconsin correctional system, inmates on work or study release status are not guaranteed a due process disciplinary hearing prior to termination from work or study release.

## CONCLUSIONS OF LAW

■ 1. Section 56.065(2) is a statutory entitlement creating a liberty interest in the continuation of work/study release status.

■ 2. An inmate of the Wisconsin correctional system cannot constitutionally be deprived of his or her liberty interest in the continuation of work/study release status in the absence of a disciplinary due process hearing.

■ 3. The minimum constitutional requirements of a disciplinary due process hearing adequate to deprive an inmate of his or her liberty interest in the continuation of work/study release status are as follows: advance written notice of the charges of misconduct at least 72 hours before the hearing; a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken; and the ability to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals.

4. The plaintiff class is entitled to a permanent injunction and declaratory relief incorporating the provisions of these conclusions of law.

■ The sole dispute remaining with respect to the claims for injunctive and declaratory relief is whether the hearing procedures should be implemented immediately or should await the defendants' March, 1979, proposed target date. The defendants urge that they have been working diligently to formulate and implement a hearing process and that they, too, desire to have the procedure in operation as quickly as possible. They argue, however, that requiring them to implement an interim hearing procedure before they have formally completed designing the hearing procedure will be burdensome. The defendants assert that the threatened loss of work/study release privileges to the plaintiff class is purely speculative and that "it is certainly possible, even likely, that no inmate will be removed from the work/study release program during this short interim period."

The plaintiff properly notes that the defendants' assertion that probably no inmate will be removed from the program during the short interim period undermines their argument that immediate implementation will be burdensome. The plaintiff also observes that the state presently has in operation a hearing procedure for disciplinary matters that provides the same procedures sought by the plaintiff and quoted above in the conclusions of law.

I am persuaded that the hardship imposed on the defendants by immediate injunctive relief is minimal when compared against the substantial deprivation which is sustained by an inmate who is removed from the work/study release program. Accordingly, preliminary injunctive relief will be granted to the plaintiff and his class at this time.

In addition, the timing concerns discussed above warrant a certification, pursuant to Rule 54(b), that there is no just reason for any delay in entering final judgment as to the injunctive and declaratory relief.

I believe it is also appropriate to resolve the matter of whether notice of this order and the final judgment should subsequently be given to the plaintiff class and the form and content of such notice. I specifically invite counsel to comment on whether it is appropriate to require the defendants to insert into all future work/study release agreements an explanation that a hearing is mandatory before removal from the program pursuant to § 56.065(2), Wis.Stats. The resolution of the matter of notice will not, however, delay the entry of final judgment as to the declaratory and injunctive relief claims.

Therefore, IT IS ORDERED that the plaintiff's motion for partial summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the findings of fact and conclusions of law recited above be and hereby are adopted by the court.

IT IS FURTHER ORDERED that the defendants be and hereby are permanently enjoined to provide the following before removing the plaintiff or any member of the plaintiff class from work/study release status pursuant to § 56.065, Wis.Stats.: a written notice of the charges of misconduct at least 72 hours before the hearing; a written statement of the factfinder as to the evidence relied upon and the reasons for the removal from work/study release; and the opportunity to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals.

IT IS FURTHER ORDERED that the parties serve and file within 20 days from the date of this order their views concerning whether notice should be given to the plaintiff class of the relief obtained in this action and the form and content of such notice.

IT IS FURTHER ORDERED that it is determined that there is no just reason for delay in entering final judgment declaring that the defendants' policies and practices complained of in this action violate the rights of the plaintiff and his class to due process of law and incorporating the permanent injunctive relief ordered herein.

IT IS FURTHER ORDERED that the clerk of court is directed to enter final judgment as to the injunctive and declaratory relief claims at this time.