Thomas A. LAIR

v.

William FAUVER, Director, Corrections & Parole, Dr. Ira Mintz, Superintendent, Adult Diagnostic & Treatment Center, R. T. O'Keefe, Chief of Security, Adult Diagnostic & Treatment Center.

Thomas A. LAIR

v.

Robert MALCAHY, Commissioner, Department of Corrections, Robert S. Hatrak, Superintendent, Rahway State Prison, Dr. Ira Mintz, Superintendent, Adult Diagnostic and Treatment Center, R. T. O'Keefe, Chief of Security, Adult Diagnostic and Treatment Center, Defendants-Appellees.

Appeal of Thomas A. LAIR.

Nos. 77–1279, 77–1646 and 78–1352.

United States Court of Appeals, Third Circuit.

Submitted Jan. 15, 1979.

Decided March 22, 1979.

Louise A. Halper, Director, Patrick Pajerowski, on brief, Prisoners' Rights Organized Defense, Newark, N. J., for plaintiff-appellant.

John J. Degnan, Atty. Gen. of New Jersey, Erminie L. Conley, Deputy Atty. Gen., Trenton, N. J., of counsel, Elaine W. Ballai, Deputy Atty. Gen., Trenton, N. J., on brief, for defendants-appellees.

Before ADAMS and WEIS, Circuit Judges, and WEINER, District Judge.*

* Honorable Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

PER CURIAM.

Appellant, Thomas A. Lair, was convicted by a New Jersey state court of impairing the morals of a minor, carnal abuse and murder. He was thereupon adjudged a sex offender and committed to the Adult Diagnostic and Treatment Center (A.D.T.C.) at Avenel, New Jersey, to serve an eighteen-year indeterminate sentence under the New Jersey Sex Offender Act[1] as well as a concurrent 15 to 18 year sentence for second degree murder. The A.D.T.C. facility is designed to provide psychiatric treatment for sexual aberration. During his incarceration at A.D.T.C., Lair was removed from the general prison population and placed in administrative segregation. After the Special Classification Committee at A.D.T.C. approved a staff recommendation to transfer Lair to the state prison at Rahway, Lair was shifted to that facility. Both the intra-prison transfer to administrative segregation and the inter-prison transfer to Rahway took place without affording Lair notice of such transfers or any hearing.

Challenging both transfers on a variety of constitutional grounds, Lair instituted this action under 42 U.S.C. § 1983. He sought injunctive and declaratory relief as well as damages. With respect to his placement in administrative segregation at A.D.T.C., Lair's complaint charged that the failure to provide a pre-transfer notice and hearing violated due process, and that the confinement that then took place deprived him of freedom of speech and religion under the first amendment. Lair further averred that the intra-prison transfer was designed to punish him for filing a claim alleging lack of access to legal materials at

A.D.T.C., not for legitimate disciplinary reasons. As for the inter-prison transfer to Rahway, Lair alleged in his complaint first, that inasmuch as the transfer was effected without affording him notice of a hearing, it deprived him of the psychiatric treatment that he had been receiving at A.D.T.C., in violation of the due process clause. This is so, he asserted, because (a) the New Jersey Sex Offender Act establishes a right to such treatment, and (b) the Act makes eligibility for parole contingent upon a positive response to treatment. Second, Lair's complaint averred that the State's failure to provide him with psychiatric treatment amounts to cruel and unusual punishment in violation of the eighth amendment.

A motion was filed by New Jersey to dismiss the complaint for failure to state a claim or, in the alternative, for summary judgment. The district court granted New Jersey's motion with respect to the inter-prison transfer but denied it with respect to the placement in administrative segregation. It is the dismissal of the inter-prison transfer claims that Lair now appeals.

This Court has jurisdiction under 28 U.S.C. § 1292(a)(1) because the dismissal for failure to state a claim effectively denied Lair the injunctive relief he seeks.[2] Jurisdiction exists under that provision even though the district court did not enter a final order as to these claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[3]

We first consider Lair's contention that his transfer from A.D.T.C. violated his due process rights. The test under which due process challenges to inter-prison transfers are to be analyzed was enunciated in *Mon-*

---

1. N.J.S.A. 2A:164–3 *et seq.*

2. *See McNally v. Pulitzer Pub. Co.,* 532 F.2d 69, 73 (8th Cir.), *cert. denied,* 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976); *Spangler v. United States,* 415 F.2d 1242, 1246–47 (9th Cir. 1969); *Rains v. Cascade Industries, Inc.,* 402 F.2d 241, 243 (3d Cir. 1968).

3. *See Ransburg Electro-Coating Corp. v. Lansdale Finishers, Inc.,* 484 F.2d 1037, 1038 (3d Cir. 1973); *Gray Line Motor Tours, Inc. v. City of New Orleans,* 498 F.2d 293, 295 n.1 (5th Cir. 1974); *Rains, supra; see also* 10 Wright & Miller, Federal Practice and Procedure § 2658, at 54 (1973). *Cf. Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 744–45, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).

tanye v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). There the Supreme Court stated:

> We held in *Meachum v. Fano* [427 U.S. 215, 95 S.Ct. 2532, 49 L.Ed.2d 451], that no Due Process Clause liberty interest of a duly convicted prison inmate is infringed when he is transferred from one prison to another within the State, whether with or without a hearing, absent some right or justifiable expectation rooted in state law that he will not be transferred except for misbehavior or upon the occurrence of other specified events.[4]

Thus, we are confronted with the question whether the New Jersey Sex Offender Act created a justifiable expectation that Lair would remain at A.D.T.C. for treatment.

The New Jersey Sex Offender Act is designed to provide treatment to those individuals found guilty of sexually deviant offenses.[5] To that end, it directs the Commissioner of the Department of Corrections to arrange for the treatment of a sex offender in an institution "which, in the judgment of the Commissioner, is best suited to care for the needs of such person."[6] In addition, the statute expressly authorizes the Commissioner, "in his discretion," to transfer sex offenders "to or from any institution within the jurisdiction of the department for the purpose of providing for the needs and requirements of such person according to the individual circumstances of the case."

Until recently, New Jersey cases gave no clear indication whether the Sex Offender Act created a justifiable expectation rooted

in state law that a sex offender would not be transferred unless provisions were made to continue a meaningful plan of treatment. On the one hand, the New Jersey cases have recognized that the Sex Offender Act invests prison officials with wide discretion in deciding whether to transfer a prisoner,[7] but on the other hand they have stated that this discretion is not without limits and that "arbitrary or capricious action is impermissible."[8] Relying on these authorities, the district court concluded that a sex offender has no absolute right to treatment or to remain at A.D.T.C. Then, after determining that the facts alleged in the complaint could not support a finding that the Commissioner exercised his discretion arbitrarily in ordering Lair's transfer from A.D.T.C., the district court held that Lair had failed to state a cause of action with respect to the inter-prison transfer.

A recent decision of the Superior Court of New Jersey, decided after the district court filed its opinion in this case, casts some doubt on the district court's appraisal of New Jersey law.[9] In *State v. Harvey*,[10] it was determined that the Commissioner has an affirmative duty under the Sex Offender Act to provide meaningful treatment to persons committed under the program established by its provisions. Although recognizing that the Commissioner has discretion to transfer prisoners, the Superior Court insisted that under the express terms of the statute such transfers may be made only "for the purpose of providing for the needs and requirements" of the sex offend-

---

4. 427 U.S. at 242, 96 S.Ct. at 2547.

5. *See, e. g., State v. Clark,* 65 N.J. 426, 430, 323 A.2d 470, 472 (1974) (purpose of Act is "cure through treatment of the aberrations which caused the sexually deviant offenses rather than punishment").

6. N.J.S.A. 2A:164–7.

7. *See, e. g., State v. Newton,* 17 N.J. 271, 276, 111 A.2d 272, 275 (1955); *Tully v. Tramburg,* 57 N.J.Super. 377, 382–83, 154 A.2d 840, 843 (App.Div.1959).

8. *See, e. g., State v. Wingler,* 25 N.J. 161, 181, 135 A.2d 468, 478 (1957).

9. Even though the Superior Court is not the highest court of New Jersey, its interpretation of state law should not be disregarded, since "[i]f there be no decision by [the state's highest] court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." *Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967).

10. 162 N.J.Super. 386, 392 A.2d 1248 (Law Div. 1978).

er. Accordingly, the Superior Court held that a prisoner who had been transferred from A.D.T.C. to Rahway for disciplinary reasons must either be given the opportunity to participate in a treatment program at Rahway that was specifically designed to meet his needs, or be transferred back to A.D.T.C. for further treatment.

Because the district court did not have the benefit of the *Harvey* decision when it made its assessment of New Jersey law, we shall remand the case so that the district court may determine in the first instance whether Lair had a justifiable expectation, cognizable under the fourteenth amendment, to receive treatment, and whether he was unconstitutionally deprived of such right. We note in this regard that any right, if it exists, would be for treatment and not to remain at A.D.T.C., and that it cannot be said that Lair is deprived of that right if he is receiving adequate therapy at his present location.

A re-evaluation of New Jersey law in light of *Harvey* may also have implications for Lair's contention that his eligibility for parole was unconstitutionally affected by the alleged denial of treatment to him, *see Wolff v. McDonnell,* 418 U.S. 539, 556–58, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973), and the district court should reexamine this issue as well upon remand.[11]

The judgment of the district court will be vacated and the cause remanded for further proceedings.

---

11. Inasmuch as the cause is being remanded, the district court may wish to consider whether Lair can adduce facts that would establish that the prison authorities' conduct with respect to his alleged need for psychological treatment constituted "deliberate indifference" to a serious illness or injury and "wanton infliction of unnecessary pain", "repugnant to the conscience of mankind", so as to violate the eighth amendment under the standards laid down in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).