**Robert SANTORI**

**v.**

**Dr. John K. FONG, Individually and as Director of Haverford State Hospital, and Dr. Georgia McCoy, Individually and as a Unit Director of the Chester County Unit of Haverford State Hospital, and Theodore T. Barry, Individually and as Clinical Director for Forensic Psychiatry of Haverford State Hospital, and Thomas G. Frame, Individually and as Warden of Chester County Farms Prison, and Dr. Phillip E. Kistler, Individually and as Prison Physician of Chester County Farms Prison, and The County of Chester.**

**Civ. A. No. 79–2511.**

United States District Court,
E. D. Pennsylvania.

Jan. 7, 1980.

Lawrence H. Rudnick, West Chester, Pa., for plaintiff.

Robert C. Steiger, Philadelphia, Pa., for Frame.

John S. Halsted, West Chester, Pa., for Frame, Kistler and Chester Co.

Marc G. Brecher, Deputy Atty. Gen., Philadelphia, Pa., for Fong, McCoy and Barry.

MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the motion for summary judgment of the defendants Dr. John K. Fong, Dr. Georgia McCoy and Dr. Theodore T. Barry, all of whom are on the staff of the Haverford State Hospital ("HSH") (collectively, "the HSH defendants"). For the reasons stated below, the defendants' motion will be granted.

Plaintiff Robert Santori ("Santori") filed the complaint in this case, invoking this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343, and alleging a cause of action under 42 U.S.C. § 1983. The facts relevant to the instant motion are not in dispute in any material respect and the Court finds

that the HSH defendants are entitled to a judgment in their favor as a matter of law.

Santori was a pretrial detainee in Chester County Farms Prison ("CCFP") on August 7, 1977, when he cut his wrist in an unsuccessful suicide attempt. On August 11, 1977, he was involuntarily committed to HSH, a mental health facility, pursuant to § 303 of the Pennsylvania Mental Health Procedures Act. 50 Pa.S. § 7303. On August 18, Santori was transferred back to CCFP for a four-day period because of an impending work stoppage by staff personnel at HSH. The stated reason for the transfer was that it was necessary in order to maintain security. After the four-day stay at CCFP, Santori was transferred back to HSH, where he remained until discharge on October 28, 1977. At that time, he was again committed to CCFP to await disposition of pending charges.

Santori has brought suit against the County of Chester and several officials at CCFP, as well as against the HSH defendants. The claims against the HSH defendants are that: (1) they deprived him of due process of law by transferring him to CCFP on two occasions, without providing him with a hearing (Count III); and, (2) they caused him to suffer the infliction of punishment without due process of law due to the deprivation of psychiatric care at CCFP (Count IV).

■ Santori cannot demonstrate that the HSH defendants were charged, under state law, with protecting him from the infliction of punishment at CCFP due to lack of psychiatric care. In order to succeed on his due process theories, Santori must demonstrate that he was vested with a justifiable expectation of remaining at a particular institution. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Lair v. Fauver*, 595 F.2d 911, 913 (3d Cir. 1979). For example, a prisoner may have a justifiable expectation of remaining in a sex offender psychiatric treatment program, *Id.*, or in a work/release or work/study program. *Perrote v. Percy*, 444 F.Supp. 1288 (E.D.Wis.1978). Once such an expectation is demonstrated, the state can-

not deprive the prisoner of participation without providing him or her with a hearing.

■ In the case at bar, Santori argues that he had a justifiable expectation of remaining in an involuntary commitment status at HSH. He argues, first, that the manifest policy of the Commonwealth of Pennsylvania is to provide adequate mental health care for all persons in the least restrictive environment. While the Court would agree that such is the policy of the Commonwealth, 50 Pa.S. § 7102, a mere statement of policy, without more, will not rise to the level of a constitutionally protected interest in property or liberty, because neither an affirmative duty nor a specific right is created. Accordingly, the claim that Santori was entitled to a hearing must be denied.

■ As to the claim that he was punished without due process of law, the Court notes that it is clear that state authorities may take certain steps to provide for the security of detainees. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Under the applicable law of Pennsylvania, the HSH defendants are *required* to take steps to maintain the security of pretrial detainees. 50 Pa.S. § 7401(b). Thus, the HSH defendants were entitled to exercise their professional judgment when they transferred Santori for the four-day period, in the face of a work stoppage. Similarly, as to the final discharge on October 28, 1977, the defendants returned Santori to CCFP as they were required to do by the Mental Health Procedures Act. *Id.*

Santori challenges the professional medical judgment of the HSH defendants. The Court finds that there is no dispute as to any material issues of fact and that the HSH defendants are entitled to a judgment in their favor as a matter of law. An appropriate Order will be entered.