**Cle A. GRAY, Plaintiff,**

v.

**WISCONSIN DEPARTMENT OF HEALTH & SOCIAL SERVICES, and Correctional Camp Systems et al., Defendants.**

**No. 80–C–144.**

United States District Court,
E. D. Wisconsin.

Aug. 27, 1980.

Cle A. Gray, pro se.

Steven D. Ebert, Asst. Atty. Gen., Madison, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff filed this action on February 20, 1980, asserting that he was removed from the state's work/study release program without due process in violation of the fourteenth amendment. On April 21, 1980, the defendants filed a motion to dismiss the department of health and social services and to dismiss the complaint for failure to state a claim upon which relief may be granted. In response, Mr. Gray filed motions to amend the complaint and for the appointment of counsel. On June 6, 1980, I directed the plaintiff to serve and file his proposed amended complaint and the defendants to advise the court of the impact of the amendment on their pending motion.

The plaintiff filed his proposed amendment on June 26, 1980. The amendment drops the department of health and social services but retains the basic allegation that the plaintiff's removal from the study release program without a due process hearing violated the fourteenth amendment. The defendants have advised the court that the amendment moots their motion to dismiss the department from the action, but they persist in their contention that the due process allegation fails to state a claim.

The plaintiff's motion to amend the complaint will be granted. Rule 15(a), Federal Rules of Civil Procedure. However, his motion for the appointment of counsel will be denied since I am without authority to "appoint" counsel in this matter. Although I may "request" any attorney to represent the plaintiff under 28 U.S.C. § 1915(d), I am not persuaded that this course of action is appropriate in this case.

The defendants' motion to dismiss the amended complaint for failure to state a claim will be denied. It is undisputed that the program review committee (PRC) formally approved the plaintiff's application to participate in the study release program on January 3, 1980. However, before the plaintiff was enrolled in classes pursuant to this approval, the PRC withdrew its approval on January 12, 1980, because the plaintiff had received "his fourth (4) Conduct Report in less than one month." Amended Complaint Ex. A(3). The defendants argue that

because the plaintiff had not commenced participation in the study release program but had only been approved for participation at the time approval was withdrawn, Mr. Gray did not have a legitimate claim of entitlement to continued placement in the study release program; accordingly, the defendants contend, the plaintiff did not possess a liberty interest protected by the due process clause. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

 The defendants concede, as they must, that an inmate's participation in the study release program cannot be terminated without affording the inmate a due process hearing. *Perrote v. Percy,* 444 F.Supp. 1288, 1289–90 (E.D.Wis.1978). However, they contend that an inmate does not acquire a protected liberty interest in study release until he applies, is accepted and enrolls in school; approval by the PRC for participation in the study release program alone, the defendants argue, does not confer such an interest.

This contention is unimpressive. In my opinion, the "mutually explicit understandings" between the state and the inmate which constitute the core ingredient of a liberty interest in the study release program do not depend for their creation on the subsequent acts of the inmate in applying for admission to a school or of the school in accepting and enrolling the inmate in its classes. *See Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). Rather, once the PRC exercises its discretion to approve an inmate's application to participate in the study release program, there arises a mutual understanding between the state and the inmate that the latter may not be removed from the program unless he "violates the conditions prescribed by the institution . . ." § 56.065, Wis.Stats. That an inmate has no constitutional right to participate in a study release program is simply irrelevant, since it is the state's decision to provide such a program and to offer its benefits to inmates who comply with the rules that brings the due process clause into play. *See, e. g.,*

*Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974).

I hold that the PRC could not constitutionally withdraw the plaintiff's study release privileges without first conducting a due process hearing. *Perrote v. Percy, supra.* The defendants' motion to dismiss must accordingly be denied.

Therefore, IT IS ORDERED that the plaintiff's motion to file an amended complaint be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's motion for the appointment of counsel be and hereby is denied.

IT IS FURTHER ORDERED that the defendants' motion to dismiss the department of health and social services be and hereby is dismissed as moot.

IT IS FURTHER ORDERED that the defendants' motion to dismiss the amended complaint be and hereby is denied.