Cedrick **HOLMES**, Plaintiff–Appellant,

v.

Stephen D. **FISHER** and County of Macon, Illinois, Defendants–Appellees.

No. 87–2280.

United States Court of Appeals,
Seventh Circuit.

Submitted July 19, 1988.

Decided Aug. 9, 1988.

Walter S. Clifton, Urbana, Ill., for plaintiff-appellant.

Thomas H. Moody, Asst. State's Atty., Macon County, Decatur, Ill., for defendants-appellees.

Before CUMMINGS and EASTERBROOK, Circuit Judges, and PELL, Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

Cedrick Holmes was arrested without a warrant in March 1986 by police in Macon County, Illinois, and detained eight days before he was first taken to court for probable cause and bail hearings. (So the complaint alleges, and we must accept its allegations although the defendants say the arrest was supported by several warrants.)

The amended complaint seeks equitable relief and damages under 42 U.S.C. § 1983; Holmes wants to represent a class of all past, present, and future suspects in Macon County for the purpose of seeking declaratory and injunctive relief. The magistrate recommended that the district court dismiss the request for equitable relief for want of "standing", on the ground that Holmes had been arraigned before he filed the suit and there is no reasonable prospect that Holmes will again be subject to such an arrest and prolonged detention. See *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S.Ct. 669, 675–76, 38 L.Ed.2d 674 (1974). The district court agreed, dismissing the request for equitable relief (and necessarily denying Holmes the right to represent a class), while the request for damages remains pending.

Holmes's appeal presents a jurisdictional question. The case has not been concluded in the district court, but that court has stripped the case of its equitable component. This denies the request for an injunction, activating the right to seek interlocutory review under 28 U.S.C. § 1292(a)(1)—establishing jurisdiction of appeals from "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions", a category that fits this case well. Although the request for money is pending, a conclusive denial of all equitable relief is appealable even though a request for damages lives on. *Elliott v. Hinds*, 786 F.2d 298, 300–01 (7th Cir.1986); *Adashunas v. Negley*, 626 F.2d 600, 602–03 (7th Cir.1980); *Duran v. Elrod*, 542 F.2d 998, 999 (7th Cir.1976). See also *General Electric Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1932), holding that an order dismissing a counterclaim (which had requested an injunction) is appealable under § 1292(a)(1) even though the principal suit remains pending. *Samayoa v. Chicago Board of Education*, 783 F.2d 102 (7th Cir.1986), in which we dismissed an appeal challenging the denial of an injunction on one count while another remained to be resolved, does not contra-

dict these cases. Each count in *Samayoa* sought essentially the same injunctive relief; only the legal theories differed; as a result, an order dismissing one of the counts did not deny an injunction but simply narrowed the grounds of dispute. Cf. *Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966). Here, by contrast, Holmes has suffered total defeat on his request for an injunction, and § 1292(a)(1) allows him an immediate appeal.

Although this seems a straightforward reading of § 1292(a)(1), and although as far as we can see every court that had considered the subject until recent years has taken the position that a denial of an injunction is immediately appealable even though a request or counterclaim for damages is pending, e.g., *Perfect Fit Industries, Inc. v. Acme Quilting Co.*, 618 F.2d 950, 952 n. 4 (2d Cir.1980); *Lair v. Fauver*, 595 F.2d 911, 912 (3d Cir.1979); *Jaffee v. United States*, 592 F.2d 712, 714–15 (3d Cir.1979); cf. *United States v. New York, New Haven & Hartford R.R.*, 276 F.2d 525, 545–46 (2d Cir.1960) (Friendly, J.), things are no longer as clear as they once were. Language in *Carson v. American Brands, Inc.*, 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981), may be understood as saying that to establish jurisdiction under § 1292(a)(1) the appellant must show that deferring review will cause irreparable injury. The precise question in *Carson* —whether an order refusing to approve a settlement was immediately appealable— required only that the Court define a category of orders that have the *effect of* denying an injunction, and the Court held that no order could be deemed "like" the denial of an injunction (and hence appealable) in the absence of irreparable injury. But the opinion was written more broadly, leading us, in common with other appellate courts, to wonder whether irreparable injury has become an element even when the order under review is unquestionably the denial of an injunction. *Brown v. Kerr–McGee Chemical Corp.*, 767 F.2d 1234, 1238–39 (7th Cir.1985); *Donovan v. Robbins*, 752 F.2d 1170, 1172–74 (7th Cir.1985); *Wood-*

*ard v. Sage Products, Inc.*, 818 F.2d 841 (Fed.Cir.1987) (en banc) (holding that irreparable injury is an essential element of every appeal under § 1292(a)(1)). More recent cases, such as *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987), have done little to clarify things. See *In re City of Springfield*, 818 F.2d 565, 567 (7th Cir. 1987). The ambiguity of *Carson*, coupled with the observation that there is usually no sound reason to have multiple appeals just because one count seeks an injunction, see Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, 16 **Federal Practice and Procedure** § 3924 (1977 & 1987 Supp.), might support a bold move away from the established principle allowing an appeal in a case such as this.

We think such a move inappropriate, however, and to the extent *Woodard* has blazed the path, we do not follow. Section 1292(a)(1) is decently plain: all interlocutory orders denying injunctions are appealable. There may be difficult questions, as in *Carson*, whether a given decision *is* an interlocutory order denying an injunction, and it makes sense in characterizing an ambiguous order to determine whether it has the attributes that usually accompany the grant or denial of injunctions, attributes that led Congress to enact § 1292(a)(1). The process of characterization cannot be allowed to feed back into the propriety of an appeal from an order that is unquestionably an injunction. To do so would not only alter the operation of the statute but also allow the methods used to resolve borderline cases to dominate the center of the spectrum, driving out all vestiges of certainty. We emphasized just the other day the importance of having clear rules of appellate jurisdiction. *Kennedy v. Wright*, 851 F.2d 963, 967 (7th Cir.1988) (collecting other cases). A litigant is entitled to know just when it is entitled (or required, see *Budinich v. Becton Dickinson & Co.*, —— U.S. ——, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)) to take an appeal, and an appellate court should be able to accept or reject the appeal without squandering on jurisdictional matters time needed to decide the case on the merits. One

venerable principle of appellate jurisdiction is that appealability depends on the attributes of a *class* of orders, and not on the necessities of the case at hand. *Van Cauwenberghe v. Biard,* — U.S. —, 108 S.Ct. 1945, 1953, 100 L.Ed.2d 517 (1988); *Carroll v. United States,* 354 U.S. 394, 405, 77 S.Ct. 1332, 1339, 1 L.Ed.2d 1442 (1957) (both cases dealing with § 1291). Asking whether an order plainly denying an injunction *also* caused irreparable injury would add a gratuitously complicating factor to the simple statutory rule. We therefore adhere to *Elliott, Adashunas,* and *Duran,* and hold that an order denying injunctive relief is immediately appealable even though a request for damages remains pending. As it turns out, this does not much assist Mr. Holmes.

■ Holmes argues feebly that his request for prospective relief is live because the dispute is capable of repetition but evading review. This doctrine applies, however, only when repetition is likely to embroil the same parties to the dispute. *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975); *Honig v. Doe,* — U.S. —, 108 S.Ct. 592, 601–02, 98 L.Ed.2d 686 (1988). Holmes does not contend that he is likely to be arrested and held for an extended period in the future, so he may not obtain injunctive relief. *Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). Neither his complaint nor his brief on appeal says, for example, that he has been arrested more than once in Macon County or even that he spends much time there. The motion to dismiss under Fed.R.Civ.P. 12(b)(1) required Holmes to establish that he has a justiciable case—at a minimum to identify some issues of fact for a hearing—and Holmes, despite being granted leave to amend the complaint, has done nothing to show, or even allege facts tending to show, that there is a live controversy.

The principal contention therefore is that under *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), and *United States Parole Commission v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), the mootness of a plaintiff's personal claim does not prevent him from serving as the representative of a class. In *Sosna,* however, the class was certified before the representative's case became moot, and the Court reasoned that after certification the class itself was the plaintiff. Compare *Indianapolis Board of School Commissioners v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975), holding that a case must be dismissed if the representative's claim becomes moot before certification. *Geraghty* modified the approach of *Jacobs,* not by holding that the district court may certify a class with the holder of a defunct claim at its head, but by holding that a case live when filed retains sufficient vitality to permit a district court to decide whether there is a proper class, and, if there is, to adjudicate the case on behalf of the members of the class with live claims. 445 U.S. at 403–04, 100 S.Ct. at 1212–13. The Court did not hold that the original plaintiff is the right person to represent this class, *id.* at 405–07, 100 S.Ct. at 1213–14.

We need not decide whether the district judge erred in assuming that the plaintiff whose personal claim has expired is *never* allowed to pursue class certification and continue as the representative; *Geraghty* seems to assume that at least on occasion such representation is proper. This case was dead on arrival, moot the day the complaint was filed. So far as equitable relief was concerned, there was *never* a case or controversy within the meaning of Art. III of the Constitution. *Geraghty* does not breathe life into a stillborn case. *Gerstein v. Pugh,* 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1975), which held that a district court may certify a class despite the expiration of the named plaintiff's transitory claim—a claim, like Holmes's, that dealt with the duration of confinement before a suspect was taken before a judicial officer—assumed that the plaintiff's own claim was live when the suit commenced. (The Court also thought it significant that the suit had been filed by a public defender, who had many other similarly-situated clients.) Holmes did not file this suit until more than two months after his arrest, long after he had received the hearing to which he contends all arrested persons are entitled. The case-or-controversy requirement ensures that cases will be filed and conducted by those with the

greatest interest in the outcome. When this case was filed, Holmes had no interest in the outcome, to the extent he sought equitable relief.

It may well be that this is litigation waiting for a champion, but Holmes is not the right one. If Holmes will do, why not his lawyer? Or a professor of law interested in the "correct" development of criminal procedure? Class actions are likely to be lawyer- rather than client-driven; *Sosna* and *Gerstein* come close to allowing a suit with only a lawyer interested in the outcome. Yet both of those cases had a live controversy on the first day of the litigation, and under Fed.R.Civ.P. 23 the class has at least some substance by virtue of the complaint alone. *Glidden v. Chromalloy American Corp.*, 808 F.2d 621 (7th Cir.1986). To permit the certification of a class headed by a "representative" who did not have a live controversy with the defendant on the day the suit began would be to jettison the last vestiges of the case-or-controversy requirement in class actions. And why? Holmes can pursue his claim for damages, and the precedent will set the rule to be followed in the future. Or some other litigant may file suit with a live claim. There is no need to throw away a venerable constitutional rule just to retain a replaceable champion.

AFFIRMED.