Tanya **LIBBY**, by her father and next friend, Charles F. **LIBBY**, Plaintiff,

v.

The **SOUTH INTER–CONFERENCE ASSOCIATION**, the Illinois High School Association, Valley View School District No. 365U, David Carlson, as Principal of Romeoville High School, and Ernie Cimo, as Athletic Director of Romeoville High School, Defendants.

No. 87 C 7499.

United States District Court, N.D. Illinois, E.D.

Dec. 20, 1988.

Timothy A. Nelson, Christina M. Tchen, Colleen K. Connell, Roger Baldwin Fdtn. of ACLU, Inc., Susan R. Monkmeyer, Julie L. Biehl, D'Ancona & Pflaum, Sheribel F. Rothenberg, Chicago, Ill., for plaintiff.

Wayne F. Plaza, Charles A. LeMoine, David J. Bressler, Rooks Pitts & Poust, Chicago, Ill., Barry L. Moss, Stuart D. Gordon, George H. Klumpner, Moss & Bloomberg, Bolingbrook, Ill., James P. Bartley, Terrence M. Barnicle, Klein, Thorpe & Jenkins, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

### I. INTRODUCTION

This case was filed by Tanya Libby, a student at Romeoville High School, to challenge her preclusion from the boys' soccer team in interscholastic soccer competition. For the reasons stated below, the Court dismisses the complaint because it is moot, but retains one of the counterclaims.

### II. FACTS

Plaintiff Tanya Libby, by her father and next friend Charles Libby, brought this action during the time she was a student at Romeoville High School ("Romeoville" or "the School"). Romeoville maintained boys' varsity and junior varsity soccer teams, but maintained no girls' soccer team. During her freshman year, Libby played on the Romeoville boys' junior varsity soccer team. At the end of the soccer season, however, David Carlson, the School's principal, and Ernie Cimo, the School's athletic director, informed Libby that she would not be permitted to continue playing on any boys' soccer team at the School. Their decision was based on the rules of the South Inter-Conference Association ("SICA") and the Illinois High School Association ("IHSA"). SICA is an association of high schools in the south suburbs of Chicago that supervises and controls the interscholastic athletic activities of its member schools. It has promulgated a rule which prohibits girls from playing on boys' teams. IHSA sponsors state high school athletic tournaments. It has also promulgated rules prohibiting girls from competing in boys' soccer tournaments.

At the beginning of her sophomore year, Libby attempted to rejoin the boys' junior varsity soccer team. She practiced with the team for about two weeks. Cimo then prohibited her and other interested girls from joining or practicing with the team because of the SICA and IHSA rules. At the beginning of her junior year, Libby again expressed an interest in playing interscholastic soccer. Carlson initially informed her that she would not be permitted to play soccer. Subsequently, he agreed to allow her to play on the boys' varsity team but stated that she would not be allowed to play in any games sponsored by the SICA or IHSA. (At least 15 of the regular season games and tournaments scheduled for the team were sponsored by SICA.) Libby thereupon joined the Romeoville boys' varsity soccer team. Shortly thereafter, on August 26, 1987, she filed this lawsuit.

The complaint names as defendants SICA, IHSA, Carlson, Cimo, and the Valley View School District No. 365U ("Valley View"), which operates the School. Count I alleges that the SICA and IHSA rules, and their enforcement, violate the First and Fourth Amendments of the United States Constitution. Count II alleges that the rules violate the equal protection provision of the Illinois Constitution, Article I § 18. Count III alleges violations of the Illinois School Code, Ill.Rev.Stat. ch. 122 ¶ 27–1, and the rules of the State Board of Education, 23 Ill.Adm.Code § 200.80(a)(3). The complaint seeks declaratory and injunctive relief.

On August 27, 1987, Libby moved for a preliminary injunction or, in the alternative, a temporary restraining order. On September 1, Judge Marshall entered a temporary restraining order which enjoined the defendants from enforcing the rules and

allowed plaintiff to play in regular season soccer matches. On October 23, Magistrate Bucklo recommended that plaintiff's motion for a preliminary injunction be granted. This Court entered a temporary restraining order on the same date, pending briefing of objections and a final disposition of the magistrate's recommendation. This second temporary restraining order allowed plaintiff to participate in the IHSA state soccer tournament.

Also on October 23, the Court denied the petition of Lisa Hoogendoorn to intervene. Hoogendoorn stated that she was similarly situated to Libby. The Court denied her petition because of the late stage of the proceedings, several days of hearings having already been concluded before the magistrate.

On October 27, IHSA filed an answer to the complaint and a counterclaim against Libby, Valley View, and the Board of Education of Valley View. With respect to Libby, IHSA sought a declaratory judgment that its tournament rules are valid. With respect to Valley View and its Board of Education, IHSA alleged that Valley View had failed to provide athletic opportunities for girls in golf, bowling and gymnastics and was responsible for Libby's inability to play soccer in state tournament competition. Valley View's actions allegedly violated IHSA rules which Valley View was obligated, and had agreed, to follow. As relief, IHSA sought a declaratory judgment that its rules are valid and binding on member schools, including those in Valley View.

The Romeoville soccer team lost in the initial round of the state tournament (in a game in which Libby played), thus ending its season. On October 28, the Court found that plaintiff's motion for a preliminary injunction had become moot. The Court directed the parties to file briefs addressing whether the entire case was now moot.

On December 2, a settlement agreement was filed which resulted in the dismissal of SICA from the case. Pursuant to the settlement agreement, SICA agreed to allow Libby to participate in interscholastic soccer games as a member of Romeoville's boys' soccer team during the 1987 season. Also on December 2, Valley View moved to dismiss IHSA's counterclaim on the ground that it failed to state a claim upon which relief may be granted. On January 8, 1988, Libby moved to dismiss IHSA's counterclaim, asserting that it merely repeated the claims of the complaint and, alternatively, that it failed to state a claim upon which relief may be granted.

With respect to the mootness issue, IHSA filed a brief in which it argued that the case was not moot. Plaintiff filed a brief in which she argued that the case was not moot, although she stated that the case might become moot if Romeoville fielded a girls' soccer team during the 1988 season. Valley View filed an explanatory memorandum which stated that it would field a girls' soccer team for the 1988 season if there were sufficient interest by students. At a status hearing on October 3, 1988, the parties informed the Court that Romeoville had received enough interest from female students to enable it to field a girls' soccer team during the 1988 season. The team had participated in the state girls' soccer tournament in the spring. IHSA reaffirmed its position that the case is not moot, and plaintiff argued that the case now is moot.

### III. ANALYSIS

Article III of the United States Constitution limits the Court's jurisdiction to "cases" and "controversies." A dispute which has been rendered moot is not a case or controversy and is therefore not within the Court's jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969). A dispute is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 496, 89 S.Ct. at 1951. *See also United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980). The parties agree that the dispute is moot as between Libby herself and the defendants. IHSA, however, argues that the case is not moot because the dispute is one which is capable

 

of repetition and which evades review. IHSA argues that in light of Romeoville's failure to provide equivalent athletic teams for each gender, the dispute is likely to arise again at Romeoville. IHSA also argues that similar circumstances likely exist at other high schools among the 800 Illinois high schools which are members of IHSA.

With respect to Libby, the possibility that the dispute is capable of repetition but evading review cannot prevent the case from being moot. The "capable of repetition but evading review" doctrine has been applied primarily in the class action context. It is well settled that where a dispute becomes moot with respect to the named plaintiff in a class action, the case as a whole is not moot if the dispute is capable of repetition but evading review. *See Geraghty,* 445 U.S. at 398–404, 100 S.Ct. at 1209–12. In the absence of a class action, however, the doctrine applies only where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the *same complaining party* would be subjected to the same action again." *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (emphasis added). *See also Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975); *DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *Holmes v. Fisher,* 854 F.2d 229, 232 (7th Cir.1988); *United States v. Fischer,* 833 F.2d 647 (7th Cir.1987). The second condition is not met in this case; no party argues that Libby is likely to be subjected again to the action of which she complained. Therefore, her complaint is moot, as is IHSA's counterclaim against her.

With respect to IHSA's counterclaim against Valley View, however, there is an ongoing controversy. IHSA's counterclaim is not limited to allegations concerning Romeoville's treatment of Libby. IHSA alleges that the School's treatment of athletic programs for girls in general violates IHSA rules. Although the Court does not yet reach the question of this counterclaim's sufficiency to state a claim, it is clear that the termination of the dispute concerning one particular student, and the fielding of a team for one particular sport, do not render moot IHSA's broad allegations concerning the School's failure to provide female students with sufficient athletic opportunities.

## IV. CONCLUSION

Because the dispute between IHSA and Libby is not likely to arise again, Libby's complaint and IHSA's counterclaim against Libby are dismissed for want of jurisdiction. Because the dispute between IHSA and Valley View is of a broad nature and is not eliminated by Romeoville's fielding of a soccer team on which Libby was permitted to play, the IHSA counterclaim against Valley View is not moot.