721 F.2d 1121
 33 Fair Empl.Prac.Cas. 450,
32 Empl. Prac. Dec. P 33,930
Sandra SHAFFER, Individually and on behalf of all women
similarly situated, Plaintiff-Appellant,
v.
GLOBE PROTECTION, INC., & Northern Indiana Public Service
Company (NIPSCO), Defendants-Appellees.
 No. 81-1480.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 30, 1981.
Decided Nov. 21, 1983.
 
 Bernard M. Mamet, Bernard M. Mamet & Assoc., Chicago, Ill., for plaintiff-appellant.
 William H. Eichhorn, Eichhorn, Eichhorn & Link, Hammond, Ind., Michael F. Kraemer, Kleinbard, Bell & Brecker, Philadelphia, Pa., for defendants-appellees.
 Before CUDAHY, Circuit Judge, FAIRCHILD, Senior Circuit Judge, and BROWN, Senior District Judge.*
 FAIRCHILD, Senior Circuit Judge.
 
 
 1
 We hold, on the present facts, that the district court did not abuse its discretion in denying a request for a preliminary injunction, and that the appeal of a denial of a preliminary injunction did not bring up for review an earlier denial of class action maintenance or an earlier dismissal of a Sec. 1985 conspiracy claim.
 
 
 2
 Northern Indiana Public Service Company ("NIPSCO") is a public utility which operates four power plants (Bailly, Michigan City, Mitchell and Schaefer[1]) within the geographic area of the United States District Court for the Northern District of Indiana. During the relevant period, NIPSCO engaged Globe Protection, Inc. ("Globe") as an independent contractor to provide security at each of those facilities. Sandra Shaffer was employed by Globe, beginning in 1977, and worked at the Schaefer Plant. In 1979, she quit that job and thereafter filed a complaint with the Equal Employment Opportunity Commission ("EEOC") charging Globe with sex discrimination. Upon receiving a right-to-sue letter from the EEOC, Shaffer commenced suit in federal court against both Globe and NIPSCO. Her district court complaint, which was styled as a class action, alleged that Globe, in violation of Title VII of the Civil Rights Act of 1964, discouraged female job applicants, forced female employees into constructive discharges, and discriminated against women with respect to wages, job assignments, working conditions, etc. Further, it charged that NIPSCO had conspired with Globe, in violation of 42 U.S.C. Sec. 1985(3), to bring about this course of sex discrimination. The suit sought backpay, punitive damages, declaratory and injunctive relief, attorney fees, and costs.
 
 
 3
 In response to the complaint, NIPSCO filed a motion to dismiss and Globe filed a motion to dismiss and to strike portions of the complaint. In relevant part, the late Judge McNagny, in an order dated December 9, 1980, dismissed the Sec. 1985 conspiracy claim against both defendants and denied class action certification for lack of numerosity. Subsequently, Shaffer filed a motion for reconsideration of the class action and conspiracy portions of the December 9 order and for a preliminary injunction. That motion was denied by Judge Eschbach on February 19, 1981 in an order stating in its entirety:
 
 
 4
 This matter comes before the Court on plaintiff's motion for reconsideration and preliminary injunction filed January 8, 1981. After reading the motion and being duly advised in its contents, the Court DENIES the motion.
 
 
 5
 On March 23, 1981, Shaffer filed a notice of appeal.
 
 
 6
 The appellate test of a preliminary injunction is whether there was an abuse of discretion in granting or denying it. The discretion exercised by the district court is measured against four prerequisites: (1) a reasonable likelihood of success on the merits; (2) irreparable injury and absence of an adequate remedy at law; (3) that the threatened harm to the plaintiff outweighs the harm the injunction may cause the defendants; and (4) that the granting of the injunction will not disserve the public interest. Ciechon v. City of Chicago, 634 F.2d 1055, 1057 (7th Cir.1980); Fox Valley Harvestore, Inc. v. A.O. Smith Harvestore Products, Inc., 545 F.2d 1096, 1097 (7th Cir.1976). A preliminary injunction is an extraordinary remedy which is not available unless plaintiffs carry their burden of persuasion as to all of the prerequisites. Fox Valley Harvestore, at 1097.
 
 
 7
 The December 9 order's dismissal of the Sec. 1985 conspiracy claim and denial of class action certification precluded the court from considering class based claims or claims against NIPSCO, leaving only Ms. Shaffer's claim for damages and her request for injunctive relief against Globe based upon her constructive discharge claim. The court did not abuse its discretion in failing to grant Ms. Shaffer injunctive relief. Ms. Shaffer merely made a cursory, pro forma request for injunctive relief without any showing of irreparable harm or the lack of an adequate remedy at law. In addition, plaintiff has made no serious attempt to press her claim for injunctive relief, waiting two months after the December 9 denial of class action to make the request in question here. Such a delay is inconsistent with a claim of irreparable injury. Ms. Shaffer is currently employed, and any loss she suffers during the pendency of the action can be fully compensated by money damages. Ms. Shaffer has an adequate remedy at law and has not suffered an irreparable injury. We cannot say that the district court abused its discretion in denying a preliminary injunction.
 
 
 8
 Plaintiff's notice of appeal seeks to bring up for review not only the preliminary injunction portion of the February 19, 1981 order but also certain parts of the order of December 9, 1980. Indeed, given the perfunctory nature of her request for preliminary injunctive relief, it appears that the plaintiff's primary motive in seeking an injunction was to acquire appellate review of the December 9 order. Plaintiff acknowledges[2] that an appeal could not have been taken from the earlier order since it is neither a final order nor within the limited class of appealable interlocutory orders.[3] She maintains, however, that the December 9 order, with its resolution of the conspiracy and class action issues, is now reviewable under 28 U.S.C. Sec. 1292(a)(1) because it formed the basis for the February 19, 1981 denial of a preliminary injunction request.
 
 
 9
 Section 1292(a)(1) creates a narrow exception to the long-established policy against piecemeal appeals by vesting courts of appeal with jurisdiction over appeals from interlocutory orders of district courts granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to resolve or modify injunctions, except where direct review may be had in the Supreme Court. Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978); accord, Carson v. American Brands Inc., 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981). Because Sec. 1292(a)(1) is an exception to an otherwise fundamental rule of federal appellate jurisdiction, its scope should be construed with great care and circumspection. Kershner v. Mazurkiewicz, 670 F.2d 440, 447 (3rd Cir.1982). Cases applying Sec. 1292(a)(1) have held that other incidental orders or issues nonappealable in and of themselves but in fact interdependent with the order granting or denying an injunction may also be reviewed, but only to the extent that they bear upon and are central to the grant or denial of the injunction.[4] See, Jenkins v. Blue Cross Mutual Hospital Insurance, Inc., 522 F.2d 1235, 1237-38 (7th Cir.1975); Kershner v. Mazurkiewicz, 670 F.2d 440, 447 (3rd Cir.1982).
 
 
 10
 Accordingly, to obtain review of the December 9 order, plaintiff must show that the order's refusal to grant class action certification or its dismissal of the conspiracy allegations directly control or are in some way inextricably bound to the denial of the preliminary injunction so as now to merit review. See Kershner v. Mazurkiewicz, at 449. In view of the fact that Judge Eschbach did not state his reasons for denying the requested injunction,[5] plaintiff would have to establish that the injunction would have been granted but for the denial of the class certification or the dismissal of the conspiracy allegation to demonstrate that the December 9 order formed the basis for the denial of injunctive relief. If the injunction requested would have been granted, then the otherwise nonreviewable matters must be addressed for the proper resolution of the Sec. 1292(a)(1) preliminary injunction issue. If not, then the denial of the injunction was independent of the December 9 order and not so inextricably tied as to merit review.
 
 
 11
 The facts in this case do not support the proposition that the district court would have issued the injunction requested if the class action and the conspiracy claim were intact. The December 9 order did not form the basis of the February 19 denial of the injunction and therefore is not reviewable at this time.
 
 
 12
 Plaintiff's motion for injunctive relief asked that both defendants be enjoined from performing any discriminatory acts based upon sex against Globe's female job applicants and its current female employees, and that all female employees who were constructively discharged be reinstated to their former positions. The motion makes virtually no showing of the class' probability of success on the merits. In addition, given the nature of the harm alleged, it does not appear that the claims of the other class members would be any more persuasive concerning irreparable harm and the lack of an adequate remedy at law than Ms. Shaffer's. The alleged injuries are such that monetary compensation and job placement or restoration could compensate the other members of the class should they ultimately prevail. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) quoting Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921, 925 (D.C.Cir.1958). None of the members of any class that might ultimately be certified has suffered an irreparable harm warranting injunctive relief since their rights can be adequately vindicated by monetary compensation and job placement or reinstatement should class action status be granted upon an appeal from the final judgment in Ms. Shaffer's case. The absence of a showing of reasonable likelihood of success and the presence of an adequate remedy at law make the granting of injunctive relief for the class improbable. The addition of other class members would not have made injunctive relief any more likely and therefore the denial of injunctive relief was not due to their absence.
 
 
 13
 Similarly, the conspiracy allegations and the presence of NIPSCO as a defendant would not have altered the disposition of the request for injunctive relief. The conspiracy allegations in the instant case serve only two functions. First, according to plaintiff, they provide a basis for an award of punitive damages not available under Title VII; second, they furnish grounds for a damage judgment against NIPSCO, a non-employer defendant not subject to liability under Title VII. Each of these matters goes to the question of monetary damages, rather than to the issue of equitable relief, and plaintiff's rights concerning them will be adequately protected by the opportunity to appeal from a final judgment. In addition, the equitable relief sought by plaintiff, a cessation of current discriminatory practices and reinstatement of constructively discharged employees, would be obtainable only by way of an order against Globe, because as an employer it is the sole party in a position to reinstate employees or change employment practices. Hence the presence of NIPSCO as a defendant would not have made a grant of injunctive relief any more likely.
 
 
 14
 We are not persuaded that the injunctive relief requested would have been granted even if the class action and conspiracy claims remained intact and therefore are not persuaded that the denial of those claims in the December 9 order formed the basis for the denial of injunctive relief on February 19. Accordingly, the dismissal of the conspiracy claim and the denial of class action certification are not reviewable at this time, and we do not reach the merits of the December 9 order.
 
 
 15
 The order of the district court denying the injunction is AFFIRMED.
 
 
 
 *
 Senior District Judge Wesley E. Brown of the District of Kansas sitting by designation
 
 
 [1]
 The name of this plant has been spelled several ways by the parties. We adopt the spelling used by the district court
 
 
 [2]
 See Reply Brief, p. 3, n. 2
 
 
 [3]
 As to the general nonappealability of interlocutory class action rulings see Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978)
 
 
 [4]
 If review in conjunction with the denial of a preliminary injunction were not narrowly limited, a party could routinely make appealable a whole range of nonappealable, interlocutory issues simply by filing a pro forma request for a preliminary injunction. Clearly, such action would run afoul of both the policies underlying Sec. 1292(a)(1) and the pronouncements of the Supreme Court
 
 
 [5]
 Rule 52(a) of the Federal Rules of Civil Procedure requires that in granting or refusing an interlocutory injunction a court shall set forth the findings of fact and conclusions of law which constitute the grounds for its action. Here, the February 19, 1981 order neither contained nor specifically incorporated by reference such findings and conclusions, and thus there was a technical violation of the Rule. The requirements of Rule 52(a), however, are imposed primarily to assist appellate review, and an appellate court need not remand for such findings and conclusions if, as is true here, it is otherwise afforded a clear understanding of the basis for the decision. See generally LaSalle Extension University v. F.T.C., 627 F.2d 481, 485 (D.C.Cir.1980), and cases cited therein. The error in the present case does not frustrate meaningful appellate review and therefore remand on that ground is not required