586 F.Supp. 309 (1984)
Ed H. SMITH, Michael Rembert, Danny K. Davis, Herbert Payne, Allan Streeter, Julius Hammond, Dorothy Tillman, Lovie Copeland, George H. Eddings and John Davis, Plaintiffs,
v.
The BOARD OF ELECTION COMMISSIONERS FOR the CITY OF CHICAGO and Michael E. Lavelle, James R. Nolan and Corneal A. Davis, in their capacities as members of the Board of Election Commissioners for the City of Chicago, Defendants.
Edward W. GJERTSEN, Stuart Schulman, Joseph W. Smith, Kenneth A. Lavand, Herman A. Schell, Jr., Patricia A. Hans, William T. Margalus and Dominic Costanzo, Plaintiffs,
v.
The BOARD OF ELECTION COMMISSIONERS FOR the CITY OF CHICAGO and Michael E. Lavelle, James R. Nolan and Corneal A. Davis, in their capacities as members of the Board of Election Commissioners for the City of Chicago, Members of the State Board of Elections, Richard A. Cowen, Carolyn R. Eyre, J. Phil Gilbert, Michael J. Hamblet, Joshua Johnson, John J. Lanigan, Theresa M. Petrone and Norma J. Shapiro, in their capacities as members of the State Board of Elections, and Stanley T. Kusper, Jr., in his capacity as County Clerk of Cook County, Illinois, Defendants.
Nos. 84 C 0148, 84 C 0560.
United States District Court, N.D. Illinois, E.D.
March 19, 1984.
*310 C. Richard Johnson, Steven R. Gilford, Robert G. Perkins, Isham, Lincoln & Beale, Chicago, Ill., for plaintiffs in No. 84 C 0148.
Russell J. Stewart, Park Ridge, Ill., for plaintiffs in No. 84 C 0560.
Michael Levinson, Franklin J. Lunding, Michael E. Lavelle, Bd. of Election Comm., Chicago, Ill., for defendants Bd. of Election Comm., Lavelle, Nolan & Davis in No. 84 C 0560.
Michael Levinson, Michael Lavelle, Bd. of Election Com'rs, Franklin J. Lunding, Jr., Charles M. Biggam, Biggam, Cowan, Marquardt & Lunding, Chicago, Ill., for defendants in No. 84 C 0148.
Franklin S. Schwerin, Joseph L. Ponsetto, Michael C. Moses, Richard M. Daley, State's Atty. of Cook County, Chicago, Ill., for defendant Stanley Kusper, Jr., in No. 84 C 0560.
James M. Scanlon, James Tenuto and Neil Hartigan, Atty. Gen., State of Ill., Chicago, Ill., for defendants State Bd. of Elections, Cowen, Eyre, Gilbert, Hamblet, Johnson, Lanigan, Petrone, Shapiro.

MEMORANDUM OPINION AND ORDER
ASPEN, District Judge.
This Court granted plaintiffs' motion for a preliminary injunction in No. 84 C 0148, and granted in part and denied in part plaintiffs' motion for a preliminary injunction in No. 84 C 0560 on March 8, 1984. We held unconstitutional Ill.Rev.Stat. ch. 46, § 7-10(i), which imposes a signature requirement upon Ward Committeeman candidates. Under the statute, such candidates must present signatures of ten percent of the primary electors of their party of their wards. We ordered defendants to certify for placement on the ballot, and to place on the ballot, those plaintiff candidates whose nomination petitions contained signatures in excess of five percent of the primary electors of their party of their wards. Our order was limited to certain of *311 the named plaintiffs. Defendants have indicated that they will comply with this ruling and will not seek to overturn this ruling through an emergency appeal prior to the March 20, 1983 election. While we held Ill.Rev.Stat. ch. 46, § 7-10(i) unconstitutional, we did not permanently enjoin its application. The relief granted was of a preliminary nature and did not constitute final judgment on the merits.[1]
Presently before the Court are several motions to intervene.[2] The would be intervenors assert that they have submitted nomination petitions with signatures in excess of five percent of the primary electors of their party of their wards. In addition to seeking leave to intervene, all seek additional preliminary injunctive relief, namely, to have their names placed on the ballot for the March 20, 1984 election. For reasons set forth below, the would be intervenors' motions to intervene are granted, but their requests for additional preliminary injunctive relief are denied. Accordingly, defendants are not required to place the intervenors' names on the ballot in the March 20, 1984 election. In granting the motions to intervene, this Court is simply allowing the intervenors to participate in the next stage of these lawsuits. We decline, however, to extend at this time the preliminary injunctive relief previously afforded to some of the named plaintiffs to the intervenors.
Fed.R.Civ.P. 24 provides, in relevant part, that
(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
Whether intervention is claimed as a matter of right or permissively, it must be timely. Timeliness involves examining all of the circumstances of a case and is to be determined by the court in the exercise of its discretion. NAACP v. New York, 413 U.S. 345, 365-66, 93 S.Ct. 2591, 2602-03, 37 L.Ed.2d 648 (1973). The factors to be considered include: the length of time the intervenor knew or should have known of its interest in the case; the prejudice to the original litigating parties from the intervenor's delay; the extent of prejudice to the would be intervenor if its motion is denied; and any unusual circumstances. United *312 States v. Kemper Money Market Fund, Inc., 704 F.2d 389, 391 (7th Cir.1983).
The would be intervenors have not known, nor should they have known, of their interest in this case for an inordinate length of time, for these cases were filed within the last two months. Insofar as the would be intervenors plan to enter future Ward Committeeman races and seek ballot access, they have an interest in participating in these lawsuits, and denial of their petitions might prejudice them. Allowing the would be intervenors to enter the case will not prejudice the original parties, and no unusual circumstances support denial of these motions.
But the would be intervenors clearly seek more than access to these lawsuits  they wish to appear on the ballot for the March 20, 1984 election. We decline to order such relief: At this late date, such an order would in all likelihood require postponement of the election entirely. Postponement in itself, at this point in time, presents an almost impossible administrative burden. Unlike the situation of the named plaintiffs who were afforded relief, the timing of the intervenors' belated request to join in such relief would require no alternative but to postpone the election should relief be afforded them at this late stage. Placing the names of intervenors on the ballot or postponing the election on the eve of the election cannot be justified in light of the harm it would cause both defendants and the public. In NAACP v. New York, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973), one basis for the Court's conclusion that motion to intervene was untimely was the fact that a primary election was close at hand, and granting the motion to intervene might have seriously disrupted the election process. Id. at 369, 93 S.Ct. at 2604. The intervenors have not demonstrated entitlement to preliminary injunctive relief, since the harm they face, while admittedly great, is outweighed by the harm an injunction adding their names to the ballot would cause defendants. Disruption of the March 20, 1984 election at this late date, moreover, would disserve the public interest. Shaffer v. Globe Protection, Inc., 721 F.2d 1121, 1123 (7th Cir.1983). While intervention as to the subsequent portions of the instant case is timely, we deny preliminary injunctive relief to the plaintiff intervenors.
Accordingly, the motions to intervene are granted, but the intervenors' attempts to obtain additional preliminary injunctive relief are denied. It is so ordered.
NOTES
[1] As a result, we believe that jurisdiction over the motions to intervene has not passed to the Seventh Circuit, despite the filing of defendants' timely notice of appeal. This case thus is distinguishable from cases denying leave to intervene for lack of jurisdiction because defendants had appealed a settlement agreement. Armstrong v. Board of School Directors, 616 F.2d 305, 327 (7th Cir.1980).
[2] The following parties seek leave to intervene as plaintiffs: William Beavers, Homer A. Benjamin, Jessie Butler, Patricia Dixon, Thomas Forte, Walter Kozel, Mack Leonard, Connel T. McDermott, Thomas R. Merritt and Sherman Williams. On Friday, March 16, 1984, this Court denied Pamon's motion for a temporary restraining order but granted his motion for relatedness with respect to case No. 84 C 2166.