Marco SAMAYOA, by his mother
Estela SAMAYOA, et al.,
Plaintiffs-Appellants,

v.

CHICAGO BOARD OF EDUCATION, et
al., Defendants-Appellees.

No. 85–1313.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 8, 1985.
Decided Feb. 12, 1986.

Yvon D. Roustan, Chicago, Ill., for plaintiffs-appellants.

Robert J. Shepard, Law Dept., Dept. of Educ. City of Chicago, Chicago, Ill., for defendants-appellees.

Before BAUER, WOOD, and FLAUM, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

The complaint was filed in August, 1981, alleging racial discrimination against Cubans, American Indians, and white students in the operation of the Walt Disney Magnet School, a Chicago public elementary school. Four amended complaints and four years later, a new set of plaintiffs, the original plaintiff children having outgrown this suit, filed a notice of appeal for interlocutory consideration of the district court's dismissal of Counts I and II, leaving the remaining Count III for trial.[1] Plaintiffs have since dismissed the appeal as to Count II.

Present plaintiffs are children whose parents or guardians received letters in June, 1981, advising that they were accepted for enrollment in the prekindergarten program at Disney school the following September. Plaintiffs who were then three- or four-years old have now also grown out of the kindergarten category and enrolled in other schools, public or private. Shortly after the receipt of the letters of acceptance, the plaintiffs received letters of apology from the school board withdrawing the previous enrollment offers. The explanation was that in accordance with a desegregation plan the racial/ethnic quotas applicable for admission to magnet schools, including Disney, were modified for the benefit of blacks, Mexicans, and Puerto Ricans.

Count I of the current amended complaint, at issue in this appeal, charges that the Chicago Board of Education and others violated the civil rights of the plaintiffs secured by the First, Fifth and Fourteenth Amendments of the Constitution. Plaintiffs, as relief, sought a declaration that

1. Originally filed as a class action plaintiffs have abandoned the class action and seek relief only for the individual plaintiffs.

the acts of defendants were unconstitutional and that defendants be preliminarily and permanently enjoined from enforcing the desegregation plan quotas as applied to the Disney school. The district judge dismissed Count I by applying the rationale of *United States v. Board of Education of Chicago* (Johnson III), 567 F.Supp. 290 (N.D.Ill.1983). The approval of the desegregation plan for the entire school system having been approved, *United States v. Board of Education of Chicago*, 554 F.Supp. 912 (N.D.Ill.) *aff'd*, 717 F.2d 378 (7th Cir.1983), the district court held that collateral attack was precluded on separate aspects of the approved plan.

Count II, the appeal of which was withdrawn by plaintiffs, alleges that the terms and conditions of the deed conveying the Disney school property from the federal government to the City of Chicago which required compliance with Title VI of the Civil Rights Act of 1964 prohibiting racial discrimination in federally-funded programs had been violated. Plaintiffs sought specific performance of the covenants contained in the deed so as to entitle plaintiffs to reinstatement in Disney school. Count II was dismissed by the district judge on the basis that the defendants had neither violated Title VI nor any other federal anti-discrimination statute by their actions alleged in Count II and therefore Count II failed to state a claim.

Count III, which remains in the district court for trial, alleges both a due process and an equal protection violation of the rights of the children plaintiffs. Plaintiffs complain·that the school board held a "purported hearing" to consider the enrollment revocations which did not meet the minimal standards of procedural due process. After the hearing the school board reconsidered its holding and allegedly admitted five- and six-year-old children who also had been originally rejected along with the younger plaintiffs in this suit. No reason for the difference in treatment was allegedly given. Among other things plaintiffs seek an order of reinstatement of plaintiffs as students at Disney school, and further ask that defendants be enjoined from attempting to reject plaintiffs as students in violation of their constitutional rights. The district court found no merit to the equal protection claim, but retained the count for trial on the due process issue.

We need not recount for these purposes a series of motions by plaintiffs under the various complaints and counts seeking temporary restraining orders and preliminary injunctions·from none of which were interlocutory appeals attempted.

Plaintiffs relying on 28 U.S.C. § 1292(a)(1)[2] base this interlocutory appeal merely on the dismissal of Count I which among other things sought the permanent injunction relief. It can be seen that the simple factual background of the change in school admission policy constitutes the basis for each of the three counts. Each count alleges constitutional and statutory civil rights violations and seeks to reverse the admission policy and restore the students' admissibility by injunction or other similar order. The appellate review sought of Count I is clearly interlocutory as Count III remains for trial in the district court. After the dismissal of the appeal of Count II, it also remains in the district court without final judgment having been entered.

Title 28 U.S.C. § 1292 authorizes appeals of interlocutory orders on limited grounds, one of which is refusing an injunction. No distinction is made in the section between preliminary and permanent injunctions. Count I sought both a preliminary and permanent injunction. The latter was, in effect, denied by reason of the dismissal of Count I. Preliminary injunctions were by

---

**2.** 28 U.S.C. § 1292(a) provides in pertinent part:
    (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
    (1) Interlocutory orders of the district courts of the United States, ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.

motions sought, denied, and reconsidered, and denied again. As was observed in *Donovan v. Robbins*, 752 F.2d 1170, 1173 (7th Cir.1985), preliminary injunctions have more of an emergency character than the seeking of a permanent injunction which usually takes additional trial time. However, plaintiffs sought no interlocutory appellate review of the denials of temporary injunctions about which there could have been little question of jurisdiction. If relief was not so urgent on those occasions as to justify interlocutory appeal, any urgency is even less now. Much time has now passed. The plaintiffs are no longer kindergarten age and are enrolled in school elsewhere. There is no pressing practical necessity for appellate review of Count I at this time.

It is clear that merely postponing consideration of a request for injunctive relief as distinguished from actually denying a request for injunctive relief can constitute a distinction affecting interlocutory appeal. *Donovan*, 752 F.2d at 1173. The dismissal of Count I may be considered to have been an effective denial of a permanent injunction so as to make it reviewable by interlocutory appeal. The dismissal was not, however, directed specifically toward the denial of permanent injunctive relief, but for the purposes of this case we accept that interpretation. However, that does not end the matter of jurisdiction. If the permanent injunction had been granted, the right to an interlocutory appeal by the defendants would be incontrovertible, but the denial of a permanent injunction under the circumstances in which it occurred in this case deserves additional consideration before interlocutory jurisdiction is to be found.

In addition to section 1292(a) relied upon by plaintiffs, Fed.R.Civ.P. 54(b) also serves

a useful purpose in the jurisdiction analysis.[3] Under that section, in the absence of the entry of final judgment having been expressly directed, and in the absence of an express determination having been made by the district court that there is no reason for delay, the district court's ruling on Count I remains subject to revision by the district court at any time before entry of a final judgment disposing of all the claims. The district judge chose to make neither of those express determinations.

Count III, which remains for trial, involves the same factual situation, alleges constitutional violations, and seeks essentially the same remedy. Counts I, II and III, therefore, are not so separable that it can be said that the district court will not reconsider Count I or Count II following greater development of the law and the facts by the trial of Count III. Merely by noting that possibility, however, we do not mean to imply we take any position on the merits of Counts I or II. Plaintiffs' right to appeal could be timely as to all counts when the district court enters final judgment as to all counts.

We see no special need for appeal at this time. Plaintiffs, if there was some urgency, could have sought interlocutory review of the denials of the various preliminary injunctions that were sought over the past few years, but they did not. This appeal is based only on the fact that a permanent injunction was prayed for in Count I which count was dismissed on its merits. The dismissal did not directly address the resulting denial of a permanent injunction. There can be no emergency at this late date. No new harm can befall plaintiffs if appeal of Count I is delayed until the whole

---

**3.** Fed.R.Civ. 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

case is decided.[4] *Plymouth County Nuclear Information Committee, Inc. v. Boston Edison Co.*, 655 F.2d 15 (1st Cir.1981). It could be argued that it could perhaps be useful to adopt a brighter jurisdictional line, but this case on its facts does not require consideration of a general rule.

Therefore, the mere dismissal of Count I which included the request for a permanent injunction cannot in these particular circumstances bestow jurisdiction for interlocutory review. The parties shall bear their own costs. Appeal dismissed for lack of jurisdiction.

---

**4.** *See generally* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* 3924 (1977).