Charles R. ELLIOTT, Plaintiff-Appellant,

v.

Robert A. HINDS, individually and as Superintendent and Appointing Authority of the Indiana State Veterans' Home; William D. Murchie, individually and as Director of the Indiana State Board of Health Management and Services; Dr. David J. Edwards, individually and as Associate State Health Commissioner of the Indiana State Board of Health; Dr. B.E. Fitzgerald, individually and as Medical Director of the Indiana State Veterans' Home; and Betty Moore, individually and as Chief Pharmacist of the Indiana State Veterans' Home; and Indiana State Veterans' Home, Defendants-Appellees.

No. 85–1672.

United States Court of Appeals, Seventh Circuit.

March 11, 1986.

Richard O. Bovey, Lafayette, Ind., for plaintiff-appellant.

Linda Collins, Office of Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before BAUER, WOOD, and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

The plaintiff, Charles R. Elliott, appeals from the district court's dismissal of the portions of his claims under 42 U.S.C. § 1983 against the defendant state officials, in their individual capacity, that were based on the Fourteenth Amendment and the dismissal of his pendant state action for defamation. The district court found that the defamation actions and the plaintiff's request for "retroactive injunctive relief" were not cognizable because of the Eleventh Amendment. This appeal is another in what has become an increasingly long line of cases in which this circuit has been called upon to enunciate the rights of a state employee to sue the state when he has been defamed in conjunction with a discharge. Finding that the district court failed to follow completely the precedent of this court and the Supreme Court, we reverse in part and vacate the remaining claims for want of appellate jurisdiction.

I.

Charles Elliott was an allegedly tenured pharmacist at the Indiana State Veterans' Home. On July 9, 1982, Elliott was terminated purportedly in response to his activities in seeking to correct and expose the Veterans' Home's practice of dispensing out-dated drugs. The discharge was coupled with a series of press releases that Elliott claims defamed him and have precluded him from obtaining gainful employment as a pharmacist. Elliott filed a two-count complaint in the District Court for the Northern District of Indiana, naming as defendants the Veterans' Home itself and various state officials in their official and individual capacities. Count I states a cause of action under 42 U.S.C. § 1983 for alleged deprivations of rights under the First and Fourteenth Amendments. Specifically, plaintiff claimed that this summary discharge, coupled with defamatory press releases, resulted in: (1) an abridgement of his First Amendment right of free

speech; (2) a violation of procedural due process; and (3) a deprivation of property and liberty interests. As a remedy for these violations Elliott requested reinstatement, an expunging of his employment record, and $1,000,000 in damages. Count II was a pendant state claim sounding in defamation that was also accompanied by a prayer for $1,000,000 in damages.

In a ruling on October 24, 1983, an action not before this court on appeal, Judge Sharp held, in response to defendants' motion to dismiss all claims for monetary relief from the state treasury, that *all* claims for monetary relief are dismissed and that the "matter will go forward ... on those injunctive claims of a solely prospective nature." *Elliott v. Hinds*, 573 F.Supp. 571, 577 (N.D.Ind.1983). Obviously the district court did not intend to preclude all monetary relief because his ruling on March 23, 1985, the one on appeal, assumes that monetary damages are still available with regard to at least some of the claims against the officials in their individual capacities. Thus, despite contrary language, it seems that the district judge and the parties read the October 1983 order as eliminating only monetary claims that require payment of state funds.

The March 1985 order arose out of defendants' motion to clarify the scope of the trial. In this ruling Judge Sharp dismissed all claims for "retroactive injunctive relief," referring apparently to the request for reinstatement and expungement of the personnel file, and the claim for defamation. While it is not clear from the court's opinion, the parties contend that both the pendant state defamation claim and the defamation aspects of the section 1983 constitutional claims were dismissed.[1]

On April 9, 1985, the plaintiff requested and the trial court granted a stay of proceedings pending an appeal to this court. Judge Sharp never certified the issues as in need of an interlocutory appeal under 28 U.S.C. § 1292(b), although his granting of the stay reveals that he believed either that the issues addressed required appellate resolution or that the order was entitled to an interlocutory appeal as of right under 28 U.S.C. § 1292(a).

## II.

The threshold question in this interlocutory appeal is the jurisdiction of this court. It would have been preferable for the district court to have used the procedure outlined in section 1292(b) for certification of issues. Given, however, the confusion and delay resulting from the procedural posture and substantive rulings of this case, jurisdiction over the denial of injunctive relief and related matters will be sustained on the basis of 28 U.S.C. § 1292(a)(1).

The March 1985 order denies the plaintiff's request for permanent and temporary injunctions ordering the defendants to rehire Elliott and remove damaging material from his file. A definitive denial of permanent injunctive relief is automatically appealable under section 1292(a)(1). *Donovan v. Robbins*, 752 F.2d 1170, 1173 (7th Cir.1985). The question of when a denial of an injunction is sufficiently "definitive" to allow interlocutory appeal is far more subtle and complicated. *See Samayoa v. Chicago Board of Education*, 783 F.2d 102 (7th Cir.1986). Under Fed.R.Civ.P. 54(b) the disposition of the claim for injunctive relief is subject to revision at any time prior to the entry of final judgment on the case. In *Samayoa* this court denied an interlocutory appeal of an injunction on the grounds that the remaining counts involved the same factual setting as the dismissed counts, thus allowing for a possible reconsideration and that on the facts of that case there was no urgency dictating immediate review. At 104.

This case is distinguishable from *Samayoa* because the district court's ruling does preclude any reconsideration of injunctive relief. Judge Sharp found that as a matter

---

1. In the request for a stay pending appeal the plaintiff characterized the March 1985 order as disposing of the Count I claim for deprivation of a liberty interest. There is nothing in the record indicating that the district court did not agree with that characterization.

of law permanent injunctive relief could not be granted because of the Eleventh Amendment. Since this is not a fact-bound determination the issue will not be reached again during the course of the proceedings. Additionally the actions of the district court weigh in favor of allowing an interlocutory appeal. While the district court failed to issue a final order denying all injunctive relief, he did agree to stay proceedings pending appellate resolution of the issues. Thus this case, unlike *Samayoa*, does contain an express determination of the district court that there is no reason to delay appellate review. *Cf.* at 104.

■ Finding jurisdiction over the injunction aspect of the appeal does not translate into jurisdiction over the remaining issues: defamation as a violation of a protected liberty interest and the pendant state law defamation claim. "Cases applying § 1292(a)(1) have held that other incidental orders or issues nonappealable in and of themselves but in fact interdependent with the order granting or denying an injunction may also be reviewed, but only to the extent that they bear upon and are central to the grant or denial of the injunction." *Shaffer v. Globe Protection, Inc.*, 721 F.2d 1121, 1124 (7th Cir.1983). *See also Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 826 (7th Cir.1984). Thus if we determine that injunctive relief is permissible on the Count I constitutional claims then we should reach the issue of whether the relief is otherwise precluded with respect to the defamation aspects of the count on the grounds that no cause of action exists under section 1983. On the facts of this case it would be inconsistent with *Shaffer* and *Bittner* to find as a matter of law that injunctive relief was available against the defendants while ignoring the additional impediment to such relief created by the trial court's foreclosure of one of the substantive theories upon which the injunction could be based. This aspect of the appeal justifies the invocation of the doctrine that "a court of appeals may, in the interest of orderly judicial administration, review matters beyond that which supplies appellate jurisdiction." *Scarlett v. Seaboard Coast Line Railroad Co.*, 676 F.2d 1043, 1052 (5th Cir.1982) (citing *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 287, 61 S.Ct. 229, 232, 85 L.Ed. 189 (1940)). *See Bittner*, 728 F.2d at 826 (approving *Scarlett*).

The pendant defamation claims, however, are beyond our jurisdiction in the absence of proper certification under section 1292(b). No injunctive relief was requested under the state count. Thus, there is no link between our ruling on the permanent injunction and the district court's dismissal of the pendant state claim for defamation.

### III.

■ The district court dismissed the prayer for injunctive relief on the grounds that plaintiff was requesting retroactive injunctive relief. Retroactive relief that operates against the state is clearly prohibited under the Eleventh Amendment. *See Green v. Mansour*, —— U.S. ——, 106 S.Ct. 423, 426, 88 L.Ed.2d 371 (1985); *Pennhurst State School v. Halderman*, 465 U.S. 89, 102–03, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan*, 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974). However, "where a suit seeks prospective injunctive relief against a state official for action contrary 'to the supreme authority of the United States', it is not deemed a suit against the sovereign" under the Eleventh Amendment. *Everett v. Schramm*, 772 F.2d 1114, 1118 (3d Cir. 1985) (discussing *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed.2d 714 (1908)).

In the present appeal Judge Sharp dismissed all claims directly against the state in his October 1983 order, thus removing the Veterans' Home as a party to the action. At the time of the March 1985 ruling, therefore, this case was facially styled as an action against state officials, in their individual capacities, seeking relief from conduct that allegedly violates the federal constitution. This would appear to be a classic *Ex parte Young* case provided that the requested relief is not in reality direct-

ed at the state fisc. *See Edelman*, 415 U.S. at 668, 94 S.Ct. at 1358.

The injunctive relief requested here, reinstatement and expungement of personnel records, is clearly prospective in effect and thus falls outside the prohibitions of the Eleventh Amendment. The goal of reinstatement and the removal of damaging information from the plaintiffs work record is not compensatory; rather, it is to compel the state official to cease her actions in violation of federal law and to comply with constitutional requirements. Elliott's alleged wrongful discharge is a continuing violation; as long as the state official keeps him out of his allegedly tenured position the official acts in what is claimed to be derogation of Elliott's constitutional rights. "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, — U.S. —, 106 S.Ct. 423, 426, 88 L.Ed.2d 371 (1985). *See also Milliken v. Bradley*, 433 U.S. 267, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977). Finding the relief requested to be prospective is also in harmony with the approach adopted recently by the Second Circuit in *Dwyer v. Regan*, 777 F.2d 825, 836 (2d Cir.1985) ("Reinstatement is purely prospective injunctive relief that orders the state official to return the former employee to the state payroll.... [A]n order that reinstatement be granted or that a reinstatement hearing be conducted is the sort of prospective relief that is not barred by the Eleventh Amendment"). *See also Lee v. Western Reserve Psychiatric Rehabilitation Center*, 747 F.2d 1062, 1066 (6th Cir.1984).

### IV.

■ Given our holding that the Eleventh Amendment does not preclude injunctive relief in this case we now reach the issue of whether Elliott can pursue injunctive relief on the theory that he was deprived of a liberty interest by the defendants' alleg-

edly defamatory statements. This issue is not new to this court or the district court. In the last year this court has defined when defamation is constitutionally cognizable for purposes of section 1983. *See Bone v. City of Lafayette*, 763 F.2d 295 (7th Cir. 1985); *Lawson v. Sheriff of Tippecanoe County*, 725 F.2d 1136 (7th Cir.1984).

Defamation without more will not support a section 1983 action under the precepts of *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). However, "we have made clear that defamation together with other action (which need not itself be a deprivation of either liberty or property under the Fourteenth Amendment) may work to deprive a plaintiff of a liberty or property interest, so that the two things together state a § 1983 claim." *Bone*, 763 F.2d at 297–98 (1985). Elliott's "defamation" claim is that the defendants' statements combined with the discharge deprived Elliott of a protectable liberty interest by stigmatizing him and preventing him from pursuing his career. In the context of termination coupled with defamatory statements "a liberty interest is implicated when either (1) the individual's good name, reputation, honor or integrity are at stake by such charges as immorality, dishonesty, alcoholism, disloyalty, communism, or subversive acts; or (2) the state imposes a stigma or other disability on the individual which forecloses other opportunities." *Munson v. Friske*, 754 F.2d 683, 693 (7th Cir.1985). *See also Perry v. FBI*, 781 F.2d 1294, 1300 (7th Cir.1986) (en banc); *Lawson*, 725 F.2d at 1138 ("But the courts have found a deprivation of liberty when the employee was fired for a publicly announced reason that impugned his moral character."). *Cf. Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). It is clear under Seventh Circuit precedent that Elliott has stated a cause of action under section 1983 for deprivation of a liberty interest protected by the Fourteenth Amendment.[2]

---

**2.** It is important to reemphasize that because the issue is not properly before this court, *see supra* Part II, we express no opinion on the

validity of the district court's dismissal of the pendant state defamation claims under *Penn-*

## V.

For the foregoing reasons the district court's judgment with respect to the Count I constitutional issues is reversed. Plaintiff's appeal with respect to the Count II pendent state claims is dismissed for lack of appellate jurisdiction.

*hurst State School v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).