791 F.2d 78
 Beverly DIAL, individually and on behalf of her minor
children, Richard, Sharon, Eric, and Cynthia, and
all others similarly situated,
Plaintiffs-Appellants,
and
Shirley Spencer, individually and on behalf of her minor
children, Joanna Spencer and Denorta Spencer, and
all others similarly situated,
Diana J. Vondran, individually and on behalf of her minor
children, John Vondran and Sonya Vondran, and all
others similarly situated, Intervening
Plaintiffs-Appellants,
v.
Gregory L. COLER, in his capacity as Director of the
Illinois Department of Public Aid, et al.,
Defendants-Appellees.
 Nos. 85-2106, 85-2107, and 85-2108.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 22, 1986.
Decided May 15, 1986.
 
 Margaret Stapleton, Land of Lincoln Legal Assistance, East St. Louis, Ill., for plaintiffs-appellants.
 Barbara B. Collins, Springfield, Ill., for defendants-appellees.
 Before COFFEY and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 FLAUM, Circuit Judge.
 
 
 1
 The plaintiffs represent two subclasses in a class action that, in an action under 42 U.S.C. Sec. 1983 against a state officer, seeks a declaratory judgment and an injunctive order for notice relief to remedy past violations of federal law. However, the federal laws in question (both provisions of the Aid to Families with Dependent Children program) have been changed so that prospective injunctive relief is definitely unnecessary for one subclass and arguably unnecessary for the other. We hold that under Green v. Monsour, --- U.S. ---, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985), the Eleventh Amendment bars one subclass's claims and that the other's claims are not ripe for review. The district court's order is therefore affirmed in part and vacated in part for want of jurisdiction.
 
 I.
 
 2
 Beverly Dial and Shirley Spencer received financial assistance from the Illinois Department of Public Aid ("IDPA") under its AFDC-U ("Aid to Families with Dependent Children--Unemployed Parent") program. In 1980, IDPA terminated financial assistance to Ms. Dial's and Ms. Spencer's entire "family units" (husband, wife, and minor children) because of the failure of their husbands to cooperate with various IDPA work programs. Ms. Dial and Ms. Spencer allege that under then existing law, IDPA should have either made no change in the family units' financial assistance or, at most, deleted the fathers' needs for the AFDC grant and given financial assistance to the remaining eligible family members, such as Ms. Dial, Ms. Spencer, and their minor children.
 
 
 3
 In 1980 Ms. Dial filed a class action, later joined by Ms. Spencer, to challenge, on constitutional and statutory grounds, the termination of her family's AFDC assistance. In 1981, as part of the Omnibus Budget Reconciliation Act, Congress amended the federal AFDC statutes to require exactly what Ms. Dial was complaining of--the termination of financial assistance to the entire family unit under the AFDC-U program when an unemployed parent refuses to participate in the WIN (Work Incentive) work program. 42 U.S.C. Sec. 602(a)(19)(F).
 
 
 4
 Later in 1981, the district court denied the defendants' original motion to dismiss and allowed Diana J. Vondran to intervene. Ms. Vondran received financial assistance from IDPA under its AFDC-R program, which provides aid to families where one or more parents are absent. In 1980, IDPA terminated financial assistance to plaintiff Vondran's entire family unit (herself and her minor children) because of her own failure to cooperate with IDPA's WIN work programs under then existing law. Ms. Vondran alleged that IDPA should have either made no change in the family unit's financial assistance or, at most, deleted Ms. Vondran's needs from the AFDC grant and given financial assistance to the remaining eligible family members--her two minor children. According to IDPA (and contested by Ms. Vondran), Illinois replaced its WIN program and its Job Service requirements with the WIN Demonstration program (WDP), as described in 42 U.S.C. Sec. 645, effective July 1, 1982, thereby allegedly eliminating the policy of which Ms. Vondran was complaining.
 
 
 5
 In 1982, a hearing was held on Plaintiffs' Motion to Certify the Class. The Magistrate recommended that the class be certified and on June 1, 1983 the court entered an order certifying the class. That order described two subclasses: (1) the Dial/Spencer subclass composed of entire family units whose AFDC-U benefits were terminated for failure of one parent to comply with the WIN participation rules of IDPA; and (2) the Vondran subclass consisting of AFDC-R families who have had AFDC benefits terminated for failure of the parent to comply with the job service participation regulations of IDPA.
 
 
 6
 In May 1985, at a pre-trial settlement conference, the defendants made a motion to dismiss the case on mootness and Eleventh Amendment grounds. After briefing and oral arguments the district court granted the motion to dismiss. Both subclasses now appeal from that dismissal.
 
 II.
 
 7
 In a well-reasoned opinion the district court identified a circuit split over whether federal courts may order notice of the sort approved in Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979)[1], or issue a declaratory judgment that state officials violated federal law in the past, when there is no ongoing violation of federal law. The Sixth Circuit in Banas v. Dempsey, 742 F.2d 277 (1984), found that changes in federal law rendered moot the claims for prospective relief in that case and therefore the sought-after notice and declaratory relief were retrospective in nature and barred by Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). 742 F.2d at 286-88. The Sixth Circuit went on to hold that when there is no prospective relief to which notice can be ancillary, then notice of the type approved in Quern falls on the Edelman side of the Eleventh Amendment line rather than on the Ex Parte Young side. See Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Quern, 440 U.S. at 346-349, 99 S.Ct. at 1147-49. Declaratory relief is also barred under such circumstances, the Sixth Circuit explained, because such relief could relate solely to past violations of federal law.
 
 
 8
 This conflicted with the decision of the Eleventh Circuit in Appleyard v. Wallace, 754 F.2d 955, 959-963 (1985), which allowed notice relief even though changes in state policy rendered moot any claim for injunctive relief to stop ongoing violations of federal law. The district court in this case chose to follow Banas and the Supreme Court later granted certiorari to Banas, cert. granted sub nom, Green v. Monsour, --- U.S. ---, 105 S.Ct. 1863, 85 L.Ed.2d 158 (1985). The Supreme Court compared the two lines of authority and affirmed the Sixth Circuit. Green v. Monsour, 106 S.Ct. 423 (1985).
 
 
 9
 In this case, the federal law was changed to explicitly allow exactly what the Dial/Spencer subclass was complaining of. As in Green, "[b]ecause there is no continuing violation of federal law to enjoin in this case, an injunction is not available." 106 S.Ct. at 427. Therefore, notice cannot be ordered because it would not be "ancillary to a judgment awarding valid prospective relief," unless the plaintiff is entitled to a declaratory judgment that federal law was violated in the past. 106 S.Ct. at 427. Green makes clear that a declaratory judgment is not available in this case without an "end run" around the Supreme Court's decision in Edelman v. Jordan. Green, 106 S.Ct. at 428. Therefore, we hold that the district court was correct in dismissing the Dial/Spencer subclass's claims for notice and declaratory judgment. See Elliott v. Hinds, 786 F.2d 298 (7th Cir.1986).
 
 
 10
 The Vondran subclass is a more difficult matter because of the continuing factual dispute between the parties over whether the state, under its new program, has adopted a permanent policy or is temporarily following a different administrative practice. The district court below made no specific factual finding that when the WIN program was replaced by the WDP program participation in job service was no longer required as a predicate for receiving aid for the entire family unit under AFDC-R. The district court obviously assumed that the change in federal law from WIN to WDP, 42 U.S.C. Sec. 645, made prospective relief unavailable, but at oral argument the parties were still arguing over whether the state has only temporarily and voluntarily stopped requiring job service as a prerequisite to receive aid for the entire family. The plaintiffs argue that while the state is not currently violating federal law, they should be granted a declaratory judgment and notice relief even though prospective injunctive relief is arguably unnecessary.
 
 
 11
 In a case remarkably similar to the one before us, we stated in Watkins v. Blinzinger, 789 F.2d 474, 483 (7th Cir.1986), that:
 
 
 12
 Yet "voluntary cessation of allegedly illegal conduct does not moot a case." United States v. Concentrated Phosphate Export Ass'n, Inc., 393 U.S. 199, 203 [89 S.Ct. 361, 364, 21 L.Ed.2d 344] (1968). See also, e.g., Chicago Teachers Union v. Hudson, [--- U.S. ---] 106 S.Ct. 1066, 1075 n. 14 [89 L.Ed.2d 232] (1986). The case is not moot unless there is reasonable assurance that the questioned conduct will not be resumed. City of Los Angeles v. Lyons, 461 U.S. 95, 100-01 [103 S.Ct. 1660, 1664, 75 L.Ed.2d 675] (1983); Parks v. Pavkovic, 753 F.2d 1397, 1404 (7th Cir.1985).
 
 
 13
 In Watkins the claim of mootness was weak because the state had not pledged to retain the policy in question, and therefore there was little assurance that the questioned conduct would not be resumed. While this is an extremely close case, we hold that in these particular circumstances where no retrospective or notice relief is available, where a federal program has been changed, and where new regulations have been promulgated thereunder, that there is a reasonable assurance that the questioned conduct will not be resumed.
 
 
 14
 Therefore, the claims of the Vondran subclass are simply not ripe for review. We will not issue an opinion advising what the law would be if the state were to once again tie job service to full family benefits because, within the boundaries of this record, that would be an advisory opinion. North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). The Declaratory Judgment Act of 1934, 28 U.S.C. Sec. 2201, uses the words of the Constitution when it requires "a case of actual controversy" when authorizing declaratory relief. Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). When, and if, the state again requires job participation to receive full family benefits, then suit can be brought, along with a strong argument that the state's practice makes the issue capable of repetition but evading review. Therefore, we vacate for lack of jurisdiction the district court's dismissal but underscore that this does not prejudice the right of those in the Vondran subclass to return to federal court should their speculation become fact.
 
 III.
 
 15
 For the above reasons the opinion below is affirmed in part and vacated in part.
 
 
 
 [1]
 The notice approved in Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) was "properly viewed as ancillary to the prospective relief already ordered by the court," Id. at 349, 99 S.Ct. at 1149, and it did no more than "simply infor[m] class members that their federal suit is at an end, that the federal court can provide them with no further relief, and that there are existing state administrative procedures which they may wish to pursue." Ibid. See Green v. Monsour, --- U.S. ---, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985)