UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

AMY SHEPARD,
                    *Plaintiff-Appellant,*

UNITED STATES OF AMERICA,
                    *Intervenor,*

                    v.

KATRINA IRVING, Dr., in her
individual capacity; GIRARD
MULHERIN, Dr., in his individual and
official capacities; ALAN MERTEN,
Dr., in his official capacity as
President of George Mason
University; THE RECTORS AND
VISITORS OF GEORGE MASON
UNIVERSITY; LISA STIDHAM, in her
individual capacity; LEIGH ANN
MURTHA, in her individual capacity;
CHRISSY FORBES, in her individual
capacity; JOE BOATWRIGHT, in his
individual capacity; NIKKIA
ANDERSON, in her individual
capacity,
                    *Defendants-Appellees.*

No. 02-1712

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-01-1093-A)

Argued: May 7, 2003

Decided: August 20, 2003

Before KING and SHEDD, Circuit Judges, and
Frank W. BULLOCK, Jr., United States District Judge for the
Middle District of North Carolina, sitting by designation.

---

Affirmed in part, reversed in part, and remanded by unpublished opinion. Judge Shedd wrote the opinion, in which Judge King and Judge Bullock joined.

---

## COUNSEL

**ARGUED:** Lawrence David Rosenberg, JONES DAY, Washington, D.C., for Appellant. Kevin Kendrick Russell, Civil Rights Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Intervenor. William Eugene Thro, Deputy State Solicitor, Richmond, Virginia, for Appellees. **ON BRIEF:** Michael Jackson Beattie, BEATTIE & ASSOCIATES, P.L.L.C., Fairfax, Virginia, for Appellant. Ralph F. Boyd, Jr., Assistant Attorney General, Jessica Dunsay Silver, Civil Rights Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Intervenor. Jerry W. Kilgore, Attorney General of Virginia, William H. Hurd, State Solicitor, Maureen R. Matsen, Deputy State Solicitor, Alison P. Landry, Assistant Attorney General, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

SHEDD, Circuit Judge:

Plaintiff Amy Shepard appeals the district court's grant of the defendants' motion to dismiss her complaint. We affirm in part, reverse in part, and remand for further proceedings.

## I.

In her complaint, the plaintiff alleges she has a disability that limits her ability to concentrate and learn. While a student at George Mason University ("GMU"), the plaintiff requested and received extra time to do her assignments to accommodate her disability. During the summer of 2000, she took her final course, an English class. She asked her instructor, defendant Katrina Irving, for extra time to do her work because of her disability. Irving initially agreed to accommodate the plaintiff but later refused.

The plaintiff complained to the GMU Disability Resource Center about Irving's failure to accommodate her disability. The plaintiff asserts that Irving gave her an "F" and concocted a plagiarism charge against her in retaliation for making this complaint.

The plaintiff asked the GMU dean, defendant Girard Mulherin, if she could appeal the grade without fear of being prosecuted before the Honor Committee for plagiarism. Mulherin told the plaintiff the time for Irving to file the plagiarism charge had expired, so she could appeal her grade without fear of reprisal. The plaintiff appealed, but Irving then filed the plagiarism charge with the Honor Committee.

The plaintiff filed her first lawsuit in the district court to enjoin the Honor Committee from reviewing the plagiarism charge. The district court dismissed her case for lack of ripeness. The plaintiff did not appeal.

After the first lawsuit was dismissed, the Honor Committee heard the plagiarism charge against the plaintiff but disallowed her from having either her lawyer or her mother represent her. The Honor Committee found her guilty of plagiarism, affirmed the "F," issued a written reprimand, and ordered her to perform community service.

The plaintiff had a job lined up contingent upon her graduation. Because of the "F," the plaintiff did not graduate on time, and she lost the job she had lined up. She eventually completed her degree at GMU several months later in May 2001.

## II.

The plaintiff filed this second lawsuit, seeking both injunctive relief and damages against GMU; Alan Merten (GMU's president), in his official capacity; Mulherin, in his individual and official capacities; Irving, in her individual capacity; and the student members of the Honor Committee, in their individual capacities.

The plaintiff's complaint contains six counts. The first four allege violations of the plaintiff's due process rights under the Fourteenth Amendment. In count V, the plaintiff alleges a violation of her First Amendment right to free speech. In VI, the plaintiff asserts various claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794(a).

The defendants filed their motion to dismiss, raising such defenses as Eleventh Amendment immunity, absolute immunity, qualified immunity, and failure to state a claim. Although the district court did not rule in favor of the defendants on all of their alternative grounds, the district court ultimately dismissed the plaintiff's complaint in its entirety.

On appeal, the plaintiff has failed to raise several of the district court's rulings against her. In particular, the plaintiff does not appeal the dismissal of the first four counts of her complaint, all of which claim a violation of her due process rights. Also, the plaintiff does not appeal the following three legal issues:

1.  The Honor Committee members are entitled to absolute immunity. Thus, all five members of the Committee are immune from all claims for damages arising out of the Honor Committee proceeding.

2.  All defendants in their individual capacities are not subject to suit under the ADA and the Rehabilitation Act.

3.  All defendants are entitled to qualified immunity as to claims for damages arising under the First Amendment.

Because the plaintiff did not raise these matters on appeal, we deem them abandoned. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 241 (4th Cir. 1999). Moreover, because we remand this case for further proceedings, the district court's rulings on these unappealed matters remain the law of the case. *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

Thus, on appeal we are faced with the following issues:

1.  whether GMU and Merten and Mulherin, in their official capacities, are immune under the Eleventh Amendment from suit for damages under Title II of the ADA and § 504 of the Rehabilitation Act;

2.  whether the plaintiff's requests for prospective relief satisfy the requirements of the *Ex parte Young* doctrine; and

3.  whether the plaintiff properly states claims upon which relief can be granted in counts V and VI.

We address each of these issues in turn.

### III.

The district court issued two rulings involving Eleventh Amendment immunity, the first as to Title II of the ADA and the second as to § 504 of the Rehabilitation Act. Because these rulings are jurisdictional, *Edelman v. Jordan*, 415 U.S. 651, 678 (1974), we review them before we reach the merits of the plaintiff's claims. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). We review the district court's Eleventh Amendment immunity determinations *de novo*. *Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002).

### A.

The district court ruled that Congress did not validly abrogate the Eleventh Amendment immunity of the States when it enacted Title II

of the ADA. Therefore, the court ruled that GMU is immune from suit and Merten and Mulherin, in their official capacities, are immune from suit for damages under Title II of the ADA.

After the parties filed their initial appellate briefs, we decided *Wessel v. Glendening*, 306 F.3d 203 (4th Cir. 2002). We held in *Wessel* that Congress failed to validly abrogate a State's Eleventh Amendment immunity for claims brought under Title II of the ADA. *Id.* at 215. Accordingly, we affirm the district court's judgment that GMU is immune from suit and Merten and Mulherin, in their official capacities, are immune from suit for damages under Title II of the ADA.

B.

The district court also ruled that GMU waived its Eleventh Amendment immunity under § 504 of the Rehabilitation Act by accepting approximately $44 million in federal funds in the year in question.[1] We agree.

A State may constructively waive its Eleventh Amendment immunity by voluntarily accepting federal funds when Congress expresses a clear intent to condition receipt of those funds on a State's consent to waive its Eleventh Amendment immunity. *Booth v. Maryland*, 112 F.3d 139, 145 (4th Cir. 1997). Congress clearly expressed its intent to require a State to waive its Eleventh Amendment immunity for § 504 claims as a condition of receiving federal funds. Section 2000d-7(a)(1) states in relevant part:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of *section 504* of the Rehabilitation Act of 1973, *title IX* of the Education Amendments of 1972 . . . or the provisions of any other Federal statute pro-

---

[1]The district court ruled that a private right of action exists under § 504 of the Rehabilitation Act. Although the defendants challenged this ruling at oral argument, they failed to raise this issue in their opening brief. Accordingly, this issue is not properly presented and we deem it abandoned. *See Edwards*, 178 F.3d at 241.

hibiting discrimination by recipients of Federal financial assistance.

42 U.S.C. § 2000d-7(a)(1) (emphasis added).

In *Litman v. George Mason University*, 186 F.3d 544 (4th Cir. 1999), we ruled that Congress permissibly conditioned GMU's receipt of federal funds on its consent to be sued in Title IX discrimination claims. As such, we held that GMU waived its Eleventh Amendment immunity. *Id.* at 555.

Although *Litman* involved a Title IX claim rather than a § 504 claim, we nevertheless find the analysis in *Litman* persuasive. Both Title IX and § 504 of the Rehabilitation Act are specifically listed in § 2000d-7(a)(1) as statutes under which a State defendant must waive its Eleventh Amendment immunity.

In support of its position that it did not waive its immunity for § 504 claims, GMU raises three issues not addressed in *Litman*. It contends that: (1) the waiver requirement is coercive; (2) its waiver was not knowing;[2] and (3) there is no reasonable nexus between the required waiver and the purpose of the federal funding that GMU accepted. We reject the first two arguments based on the reasoning of the district court. As for GMU's third argument, we hold that there is a sufficient relationship between the condition imposed by Congress — GMU's consent to be sued for disability discrimination claims — and the purpose of the federal funding — providing a broad range of educational opportunities in an environment free of unlawful discrimination based on disability.

We affirm the district court's ruling that GMU waived its Eleventh Amendment immunity for claims brought under § 504 of the Rehabilitation Act. Therefore, the plaintiff may seek damages and injunctive

---

[2]The defendants would have us follow the recent Fifth Circuit case, *Pace v. Bogalusa City School Board*, 325 F.3d 609 (5th Cir. 2003), *reh'g en banc granted*, 2003 WL 21692677 (July 17, 2003), in which the panel held that the State defendants did not knowingly waive their immunity. We decline to follow *Pace*.

relief against GMU and Merten and Mulherin, in their official capacities,[3] under § 504 of the Rehabilitation Act.

### IV.

Defendants Merten and Mulherin next argue that the plaintiff's claims for prospective relief against them in their official capacities under Title II of the ADA do not satisfy the requirements of the *Ex parte Young* doctrine. We disagree.

We review *de novo* a district court's legal determination whether *Ex parte Young* relief is available. *CSX Transp., Inc. v. Board of Public Works*, 138 F.3d 537, 541 (4th Cir. 1998). The *Ex parte Young* doctrine

> "allows private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." *Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002). Specifically, *Ex parte Young* authorizes "suits against state officers for prospective equitable relief from ongoing violations of federal law." *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001). To determine whether the *Ex parte Young* doctrine is applicable, as the Supreme Court recently observed, a court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv.*

---

[3]The plaintiff may seek recovery against only GMU and Merten and Mulherin, in their official capacities, because § 504 prohibits discrimination by "any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999). GMU, a State institution, may be sued because the statutory definition of "program or activity" includes universities. 29 U.S.C. § 794(b)(2)(A). Merten and Mulherin may be sued in their official capacities because a suit for damages against a State official in his official capacity is treated like a suit against the State entity. *Lizzi v. Alexander*, 255 F.3d 128, 136 (4th Cir. 2001), *overruled in part on other grounds by Nevada Dep't. of Human Resources v. Hibbs*, ___ U.S. ___, 123 S.Ct. 1972 (2003).

*Comm'n of Md.*, 535 U.S. 635, 122 S.Ct. 1753, 1760, 152 L.Ed.2d 871 (2002).

*Franks v. Ross*, 313 F.3d 184, 197 (4th Cir. 2002).

At oral argument, plaintiff's counsel clarified that the plaintiff is seeking only the following prospective relief: (1) expungement of the "F" she received in Irving's class; (2) expungement of the plagiarism conviction by the Honor Committee;[4] and (3) in the alternative to expungement, a new Honor Committee hearing in which she is allowed representation. GMU argues that these requests do not seek relief for any ongoing violation of federal law.

Assuming the plaintiff prevails on her substantive claims, the "F" and the plagiarism conviction would constitute a continuing injury to the plaintiff. Thus, the plaintiff's two requests for expungement would relate to an ongoing violation of federal law and the relief granted would be prospective in nature. *See Wolfel v. Morris*, 972 F.2d 712, 719 (6th Cir. 1992) (allowing expungement of records); *Elliott v. Hinds*, 786 F.2d 298, 302 (7th Cir. 1986).

The plaintiff's request, in the alternative, for a new Honor Committee hearing also alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. A new hearing with representation would give the plaintiff an opportunity to be heard, under circumstances in which her disability does not disadvantage her, in hopes of obtaining a favorable ruling as to the "F" and plagiarism conviction on her record.

Therefore, the plaintiff may seek relief under Title II of the ADA against Merten and Mulherin, in their official capacities, for expungement or, in the alternative, a new Honor Committee hearing with representation under Title II of the ADA.

---

[4]The defendants claim that the plaintiff's plagiarism conviction does not appear on her record. In our review of a motion to dismiss, however, we must accept as true all well-pleaded allegations. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The defendants will have an opportunity to prove their assertion to the district court on remand.

V.

Last, the plaintiff argues that the district court erred in dismissing her remaining claims for failure to state a claim upon which relief can be granted.[5] We agree.

We review *de novo* the dismissal of a complaint for failure to state a claim upon which relief could be granted. *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). A motion to dismiss under Rule 12(b)(6) must not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In considering a motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff. *Id.*

The plaintiff attempts to allege three types of claims in counts V and VI: (1) retaliation in violation of her First Amendment right to free speech; (2) retaliation in violation of the ADA and the Rehabilitation Act; and (3) disability discrimination in violation of the ADA and the Rehabilitation Act.

A.

In count V, the plaintiff claims that Irving[6] violated her First Amendment right to free speech. The plaintiff alleges that she complained to the GMU Disability Resource Center about Irving's failure

---

[5]At oral argument, counsel clarified that the plaintiff is not claiming in her complaint that she had a right to plagiarize because of her disability. Instead, she alleges that, because Irving did not give her a reasonable accommodation, she was forced to turn her assignments in before she had sufficient time to properly complete them. She asserts that what someone else might construe to be plagiarism was her best effort to finish her assignment without a reasonable accommodation.

[6]In her appellate brief, the plaintiff limits her First Amendment claim to the alleged retaliation for complaining to the Resource Center. We deem any other potential First Amendment claims in the plaintiff's complaint to be abandoned. *See Edwards*, 178 F.3d at 241.

to accommodate her disability and that, in retaliation, Irving gave her an "F" and concocted a plagiarism charge. The plaintiff claims that she suffered damage to her reputation, was not able to graduate on time, and lost her job and thousands of dollars as a result.

The First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right. *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676 (4th Cir. 2000). A plaintiff seeking to recover under § 1983 for retaliation must establish three elements: (1) the plaintiff's right to speak was protected; (2) the plaintiff suffered some adverse action in response to her exercise of a protected right; and (3) a causal relationship between the plaintiff's speech and the defendant's retaliatory action. *Id.* at 685-86.

We find that the plaintiff has adequately alleged all three elements of a First Amendment retaliation cause of action. Irving does not contest the first element — that the plaintiff's complaint to the Resource Center constituted protected speech. As for the second element, the plaintiff asserts that Irving gave her an "F" and concocted a plagiarism charge against her in response to her exercising her protected right to make a complaint. As for the third element, the plaintiff sufficiently alleges that Irving retaliated against her because she engaged in protected speech. Accordingly, we reverse the district court's dismissal of the plaintiff's First Amendment retaliation claim.

### B.

In count VI, the plaintiff again alleges that Irving retaliated against her for complaining to the GMU Disability Resource Center.[7] The plaintiff contends that she adequately states a claim for retaliation under both the ADA and the Rehabilitation Act.

Title V of the ADA governs claims for retaliation. Title V states in pertinent part:

---

[7]This allegation appears in count VI only by way of incorporation from count V.

No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

42 U.S.C. § 12203(a).[8]

The district court issued no rulings relating to the plaintiff's purported retaliation claim under Title V of the ADA. In particular, the district court did not decide whether Congress validly abrogated GMU's Eleventh Amendment immunity for Title V claims and did not address the merits of her claim. Because the district court has not yet addressed either the threshold jurisdictional issue or the merits, we remand the plaintiff's purported retaliation claim to the district court for further review as the case merits.

C.

In count VI, the plaintiff also claims that the defendants discriminated against her because of her disability. It appears that the plaintiff actually attempts to allege three discrimination claims under Title II and § 504.[9] First, she claims that the defendants refused to allow her to have a representative at the hearing because she is disabled. Complaint, ¶ 96. Second, she alleges that the defendants failed to reasonably accommodate her by allowing her to have a lawyer or her mother represent her at the hearing. Complaint, ¶¶ 51, 95. Third, she asserts

---

[8]The plaintiff cited without discussion § 12203 in the jurisdiction section of her complaint. The plaintiff did not cite any reference to the Rehabilitation Act that contains an anti-retaliation provision similar to the one in § 12203.

[9]The plaintiff alleges her Title II and § 504 claims against all the defendants. Based on the law of the case and our prior rulings, the plaintiff may seek recovery under Title II against only Merten and Mulherin, in their official capacities, and under § 504 against only GMU and Merten and Mulherin, in their official capacities.

that the defendants failed to accommodate her by giving her additional time to complete her assignments. ¶ 97.[10]

1.

The plaintiff's first claim clearly states a disability discrimination claim. Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the *benefits of the services, programs, or activities of a public entity*." 42 U.S.C. § 12132 (emphasis added). To establish a cause of action under Title II of the ADA and § 504 of the Rehabilitation Act, a plaintiff must show that: (1) she has a disability; (2) she is otherwise qualified for the benefit in question; and (3) her disability was a motivating factor in her exclusion from the benefit (Title II) or the sole reason for her exclusion from the benefit (§ 504). *Baird v. Rose*, 192 F.3d 462, 467, 470 (4th Cir. 1999).

In her complaint, the plaintiff sufficiently alleges that: (1) she has a disability; (2) she is otherwise qualified to have a representative at an Honor Committee hearing;[11] and (3) the Honor Committee disallowed her from having a representative because she is disabled.

The district court wrongly concluded that the plaintiff failed to allege that she was denied proper representation at the Honor Committee hearing because of her disability. Thus, we reverse the district court's dismissal of the plaintiff's claims under Title II of the ADA and § 504 of the Rehabilitation Act.

---

[10]The plaintiff abandoned her request for prospective relief relating to this particular claim. See *ante* at 9. However, it does not appear that the plaintiff has abandoned her claim for damages under § 504 of the Rehabilitation Act relating to this alleged discriminatory conduct.

[11]Title II prohibits discrimination in all "services, programs, or activities" of a public entity. 42 U.S.C. § 12132. Although Title II does not define this phrase, we have found that a middle school "show choir" qualifies as a "service, program, or activity." *Baird*, 192 F.3d at 467. We likewise find that the Honor Committee is one of the "services, programs, or activities" provided by GMU to its students.

2. and 3.

As for the plaintiff's two failure to accommodate claims, the plaintiff asserts that cases "interpreting the Rehabilitation Act have consistently held that disability discrimination can be demonstrated merely by showing an educational institution failed to . . . reasonably accommodate a student." Plaintiff's Brief, p. 38. The plaintiff cites no authority for this assertion.[12]

The district court did not address the merits of either of the plaintiff's purported failure to accommodate claims. We decline to consider the merits of these claims for the first time on appeal. Accordingly, we remand these claims to the district court for further consideration as the case merits.

## VI.

For the foregoing reasons, we

*AFFIRM IN PART, REVERSE IN PART,*
*AND REMAND FOR FURTHER PROCEEDINGS*
*CONSISTENT WITH THIS OPINION.*

---

[12]The plaintiff cites 29 C.F.R. § 84.4, but no such regulation exists.